Larry G. THURSTON *v.* Ada Thurston PINKSTAFF

86-264                                    730 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered June 8, 1987
[Rehearing denied July 13, 1987.]

*Patten & Brown,* for appellant.

*Rowland & Templeton,* by: *Randell Templeton,* for appellee.

JOHN I. PURTLE, Justice. The chancellor modified an earlier child support order which had modified an agreement between the parties relating to child custody and support. In the new order the trial court based his decision on support payments upon the family support chart found in the Domestic Relations Handbook of the Arkansas Bar Association. The appellant argues the chancellor used the support chart improperly and also erroneously changed the agreement between the parties relating to the disposition of a part of the child support. The record does not disclose that the chancellor's finding of a "sufficient change in circumstances" was clearly erroneous. The decree must therefore be affirmed.

The appellee petitioned for an increase in child support and appellant petitioned for a reduction in support payments due to the fact that one of the two children had reached majority. The order here in question was entered based upon the petition, other pleadings, the agreement between the parties and financial affidavits filed by the parties. No testimony or other evidence was presented to the court.

The original decree of divorce was entered on May 7, 1976. It incorporated by reference the agreement between the parties relating to child custody and support. The terms of the agreement provided, among other things, that the appellant would pay the sum of $250 per month to the appellee for the support of their two minor children. The agreement also provided that, upon appellee's remarriage, forty percent of the support payments were to be deposited in a separate fund. Several subsequent orders were entered changing the terms of visitation and arrangements for support payments prior to entry of the order here in dispute. The child support under the parties' agreement had reached $290 per month for the two children when the appellee remarried and the

support was frozen.

The order from which this appeal arises was entered on April 10, 1986. The notice of appeal attempts to have the prior orders and the separate agreement reviewed and modified or reinstated. The main argument is that the court used the child support chart in an arbitrary and discriminatory manner. The court followed the chart precisely to the top income figure and when the appellant's income went beyond the chart the chancellor started all over again. The result was that instead of the current payments of $290 per month for two children, the appellant was ordered to pay $338 per month for one. The chancellor also eliminated the provision which provided for forty percent of the support to be deposited in a separate fund.

Apparently the parties agreed that the chancellor would decide the case without benefit of testimony or other additional evidence. Since the appellant contends the chancellor erred, it was his duty and responsibility to present to this Court sufficient evidence, argument, and citation of authority to prove his argument. He has not done so. Neither has he shown that there was no evidence to support the chancellor's decree.

We first discuss the proper use of the family support chart found in the Domestic Relations Handbook published by the Arkansas Bar Association. It is referred to in Ark. Stat. Ann. § 34-1211(a) (Supp. 1985), which states:

> In determining a reasonable amount of support to be paid by the non-custodial parent, the court shall refer to the most recent revision of the family support chart found in the Domestic Relations Handbook . . . and may use such in determining the amount of support to be ordered.

Although we have not previously discussed the extent to which the support chart should be considered by the trial courts, we have no hesitancy whatsoever in holding that the courts are required to refer to the chart but are not bound to set support payments in accordance with the exact terms thereof. The statute clearly states the courts "may" use the chart in determining the amount of support. This is simply another manner of stating that the degree of dependence upon the chart is left to the sound discretion of the chancellor. There are numerous other matters which have a

strong bearing in determining the amount of support. It is error to change the amount of support where there is no evidence submitted to show a change in circumstances. *Meeks* v. *Meeks*, 290 Ark. 563, 721 S.W.2d 653 (1986).

By statute the chancery courts are required to make such orders touching upon the care and support of children as from the circumstances of the case shall be reasonable. Ark. Stat. Ann. § 34-1211(a). This Court stated the basic considerations for establishing child support in *Barnhard* v. *Barnhard*, 252 Ark. 167, 477 S.W.2d 845 (1972). There we stated:

> In considering the amount to be contributed for child support, the court should consider the needs of the children, the assets of each parent, their respective ages, earning capacities, incomes and indebtedness, state of health, future prospects and any other factors which will aid the court in reaching a just and equitable result.

The law has not substantially changed since *Barnhard*. This Court and the Court of Appeals have continued to apply the standard criteria used in *Barnhard*. See *Perkins* v. *Perkins*, 15 Ark. App. 82, 690 S.W.2d 356 (1985), and concurring opinion of Glaze, J.

There is an argument by the appellant that certain remaining conditions of the agreement between the parties should have not been changed by the chancellor. However, he admits that *Williams* v. *Williams*, 253 Ark. 842, 489 S.W.2d 774 (1973), among others, holds that such separate agreements, even if incorporated into the decree, cannot diminish the power of the court to modify support upon a determination of a change of circumstances. *Williams* is still sound law.

What change of condition is required before the amount of child support should be changed? In *Glover* v. *Glover*, 268 Ark. 506, 598 S.W.2d 736 (1980), we affirmed the chancellor's refusal to find a change of conditions and in doing so stated:

> The decree recited that the "defendant is paying considerably less than the support chart recognizes as equitable based on his net earning capacity." However, [the chancellor] found that the appellant was not entitled to an increase in child support. Obviously, the chancellor recognized that

any reference to "a chart" is only one factor in making his decision.

*Clifford* v. *Danner*, 241 Ark. 440, 409 S.W.2d 314 (1966), holds that no order for child support is ever res judicata or so final that the obligations of a parent to the child are not subject to modification. The decisions of this Court have for many years adopted the rule that a trial court always has the right to review and modify child support payments in accordance with changing circumstances and may increase or reduce the payments as warranted in each case. *Johnston* v. *Johnston*, 241 Ark. 551, 408 S.W.2d 885 (1966) and *Lively* v. *Lively*, 222 Ark. 501, 261 S.W.2d 409 (1953).

Without attempting to enumerate all of the various matters which should be considered in determining whether there has been a change in circumstances warranting adjustment in child support, we have considered such things as: remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change of custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child support chart.

We cannot say on the record whether the court felt bound by the amounts listed in the child support chart or whether he merely used it as a guide. The support chart *is* to be considered by the trial court along with other relevant factors. However, the chart is only a guide and the amount of support is a matter within the reasonable discretion of the chancellor after consideration of all relevant information. The decree in the present case stated that all of the necessary considerations were taken into account by the chancellor. The record does not reflect the considerations relied upon by the chancellor. The case apparently was submitted to him based upon the pleadings, affidavits, and the file. Therefore, we cannot say the chancellor was clearly wrong.

Affirmed.