Farrell ROSS *v.* Karen Annette ROSS (now Reed)

CA 89-142                                     776 S.W.2d 834

Court of Appeals of Arkansas
Division I
Opinion delivered September 27, 1989

*Lohnes T. Tiner*, for appellant.

JUDITH ROGERS, Judge. Farrell Ross appeals an order of the Cross County Chancery Court ordering an increase in his child support obligation to appellee, Karen Ross Reed, for the parties' minor child. Appellant argues that the chancellor improperly modified his child support obligation without evidence of changed circumstances. We agree.

The parties were divorced in July of 1985, and the divorce

decree incorporated a property, child support, and child custody agreement, in which appellant agreed to pay $25.00 per week as child support. On November 9, 1988, appellee filed a petition for appellant to be held in contempt for failure to pay $3,150.00 in child support and for an increase in child support according to appellant's present income. The petition also stated:

> That the [Appellant] failed to properly report his Federal Income Tax at the time the parties were husband and wife and the [Appellee] has been required to pay $938.00 by payroll garnishment to the IRS and [Appellant] should be ordered and directed to reimburse the [Appellee] for said tax money; that [Appellee] was totally unaware that the [Appellant] has failed to properly report his income as a used car salesman.

At the hearing on appellee's petition, much evidence was taken as to whether appellant had actually made the child support payments. Appellee attempted to introduce evidence regarding the problem with the Internal Revenue Service but, upon objection by appellant, was not allowed to do so. Appellant testified that his net take-home pay is approximately $159.00 per week but that he does not receive that amount every week. No other evidence was taken regarding the financial circumstances of the parties or the needs of the child.

At the conclusion of the hearing, the court credited appellee's testimony that appellant owed the child support arrearages; found appellant to be in contempt of court and sentenced him to sixty days in jail, with bond set in the amount of the delinquent support; ordered appellant to pay costs and appellee's attorney's fees, and stated:

> The Court can take judicial notice that the fact that the child support is not based on his present income. He has testified that he makes around $160.00 per week and that would call for a child support payment by our Family Support Chart of $40.00 per week. The Court finds that $25.00 is a minimal amount of child support and based on the testimony the child support should be increased in accordance with the chart to $40.00 per week.

Appellant has not appealed the chancellor's findings that he

is in arrears in child support payments or in contempt of court; instead, he argues on appeal that the chancellor erred in increasing his child support obligation without a showing of a change in circumstances. Although appellee attempted to introduce evidence regarding her problems with the Internal Revenue Service which resulted from appellant's alleged failure to report income, she was prevented from doing so because the divorce decree did not deal with that issue. It is true that the child is now several years older than when the original decree was entered. Additionally, we take judicial notice of the fact that, since the parties' 1985 divorce, the Family Support Chart published by the Family Law Section of the Arkansas Bar Association was revised in 1987. Although appellant testified that his net take-home pay is $159.00 per week, there is nothing in the record to suggest that this has changed since the entry of the divorce decree. The evidence also shows that appellee has remarried since the entry of the divorce decree.

Ordinarily, the amount of child support lies within the sound discretion of the chancellor. *Meeks* v. *Meeks*, 290 Ark. 563, 565, 721 S.W.2d 653, 654 (1986). Child support may be reviewed by the trial court at any time, and the chancellor may modify a provision of child support to serve the best interests of the child when there are changed circumstances. *Id*. The assumption, however, is that the chancellor correctly fixed the proper amount in the original divorce decree; one seeking modification has the burden of showing a change in circumstances. *Reynolds* v. *Reynolds*, 299 Ark. 200, 201, 771 S.W.2d 764, 765 (1989); *Meeks*, 290 Ark. at 565, 721 S.W.2d at 655. In *Reynolds*, 299 Ark. at 202, 771 S.W.2d at 765, the supreme court stated:

> In determining whether there has been a change in circumstances warranting adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child support chart. *Thurston* v. *Pinkstaff*, 292 Ark. 385, 730 S.W.2d 239 (1987). However, there is no hard and fast rule concerning the specific nature of the changed circumstances. *Eubanks* v. *Eubanks*, 5 Ark. App.

50, 632 S.W.2d 242 (1982).

In the case bar, the chancellor relied upon the Family Support Chart in relation to appellant's net take-home pay to determine the increased child support obligation. The chancellor did not, however, have any evidence before him demonstrating a change in circumstances since the entry of the divorce decree. Although the courts are required to refer to the family support chart, "[t]here are numerous other matters which have a strong bearing in determining the amount of support. It is error to change the amount of support where there is no evidence submitted to show a change in circumstances." *Thurston* v. *Pinkstaff*, 292 Ark. 385, 388-89, 730 S.W.2d 239, 240-41 (1987).

We note that, in keeping with the requirements of the federal Family Support Act of 1988, the Arkansas General Assembly recently amended Ark. Code Ann. Section 9-12-312(a) (Supp. 1987) in Act 948 of 1989 by requiring the chancellor to refer to the family support chart in reviewing the amount of support and stating:

> It shall be a rebuttable presumption for the award of child support, that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding *or specific finding on the record* that the application of the support chart would be unjust or inappropriate as determined under established criteria set forth in the support chart, shall the presumption be rebutted.

In the case at bar, however, appellee failed to prove a change in circumstances since the original decree. When support has been previously set in a decree, a change of circumstances must be found before the above statute is applicable. In this case, however, a change was not found by the chancellor, and we therefore hold that he had insufficient evidence upon which to base the increase in appellant's child support obligation and abused his discretion in modifying it. This decision is, of course, without prejudice as to appellee's right to seek increased child support in the future.

Reversed.

CRACRAFT and COOPER, JJ., agree.