Melissa Skaggs SCHUH *v.* Dorothy ROBERSON

90-74                    788 S.W.2d 740

Supreme Court of Arkansas
Opinion delivered May 14, 1990

*Sloan, Rubens, Peeples & Coleman,* by: *Gerald A. Coleman* and *Julie B. Menke,* for appellant.

*Skillman and Durrett,* by: *Chadd L. Durrett, Jr.,* for appellee.

DALE PRICE, Justice. This is an appeal from a child custody determination between the mother of the child and the maternal grandmother. Custody was awarded to the grandmother, appellee Dorothy Roberson, and the mother, Melissa Skaggs Schuh,

appeals.

The history of this case begins with a 1987 divorce action between the appellant and her then-husband, James Skaggs. In that action, the appellant was awarded temporary custody of her infant son, Brandon. However, before the custody decree became final, the appellee intervened in the case and was awarded temporary custody of the child on June 22, 1988.

Shortly after the custody award to the appellee, the court discovered that Brandon was an illegitimate child. Based on the child's newly determined status, the chancery court vacated its custody order. The appellant then began proceedings in the county court, asking that court to establish paternity and give her custody of her child. Once again, the appellee intervened.

The county court, acting through a specially appointed master, awarded temporary custody to the appellee. A few months after this custody award, we decided the case of *Hutton* v. *Savage*, 298 Ark. 256, 769 S.W.2d 394 (1989), in which we held the juvenile master system unconstitutional. This custody case was held in abeyance pending implementation of a new juvenile court system. Once that occurred, the case was transferred to juvenile court.

On October 6, 1989, a hearing was held before the juvenile judge and permanent custody was awarded to the appellee. It is from this order that the appellant appeals, claiming that, because the judge made no finding that she was an unfit parent, the award of custody was in error. We agree and reverse and remand for further findings.

Generally, the prime concern and controlling factor in child custody cases is the best interest of the child. *Tucker* v. *Tucker*, 207 Ark. 359, 180 S.W.2d 571 (1944); *Jones* v. *Jones*, 13 Ark. App. 102, 680 S.W.2d 118 (1984). However, when a third person seeks to deprive a parent of custody, she cannot do so without first proving that the parent is not a suitable person to have the child. *Riley* v. *Vest,* 235 Ark. 192, 357 S.W.2d 497 (1962). The law establishes a preference for the natural parent and that preference must prevail unless it is established that the natural parent is unfit. *Stamps* v. *Rawlins*, 297 Ark. 370, 761 S.W.2d 933 (1988); *Perkins* v. *Perkins*, 266 Ark. 957, 589

S.W.2d 588 (Ark. App. 1979). The appellant in this case requested such a finding by the juvenile judge, but no such finding was made. Therefore, error occurred. Where a third party intervenes in a child custody matter, that party has the burden of proving the parents are incompetent or unfit to have custody. *Greening* v. *Newman*, 6 Ark. App. 261, 640 S.W.2d 463 (1982). In *Parks* v. *Crowley*, 221 Ark. 340, 253 S.W.2d 561 (1952), we made the following statement:

> The law recognizes the preferential rights of parents to their children over relatives and strangers, and where not detrimental to the welfare of the children, they are paramount, and will be respected, unless special circumstances demand that such rights be ignored. . . . Courts are very reluctant to take from the natural parents the custody of their child, and will not do so unless the parents have manifested such indifference to its welfare as indicates a lack of intention to discharge the duties imposed by the laws of nature and of the state to their offspring suitable to their station in life. (Cites omitted.)

Ordinarily in chancery cases, we exercise our power of *de novo* review and decide the case on the record before us. However, when the situation warrants it, we have the authority to remand such cases. *Lynch* v. *Brunner*, 294 Ark. 515, 745 S.W.2d 115 (1988). We have had no hesitancy in remanding chancery cases when further proof is needed on a legal theory not considered by the chancellor and when we cannot plainly see what the rights and equities of the parties are. *Henslee* v. *Kennedy*, 262 Ark. 198, 555 S.W.2d 937 (1977). Because juvenile court is a division of chancery, we will exercise that same prerogative in juvenile court cases.

We, therefore, remand this case to allow the judge to receive further proof, if necessary, on the issue of the appellant's fitness as a parent and to make a finding accordingly. Additionally, we remand to allow the judge to receive proof on any relevant matters contained in Ark. Code Ann. § 9-27-328 (Supp. 1989). That portion of the juvenile code requires that specific findings be made before the juvenile is placed somewhere other than in the parent's home.

Reversed and remanded.