Judy L. BLACK *v.* Charles R. BLACK, III

91-8                                    812 S.W.2d 480

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*Penix, Penix & Lusby*, by: *J. Robin Nix II*, for appellant.

*Snellgrove, Laser, Langley & Lovett*, by: *David N. Laser*, for appellee.

ROBERT L. BROWN, Justice. This case comes to us on the sole question of whether the chancellor actually referred to the Arkansas Family Support Chart in making his decision on child support, as required, and sufficiently rebutted the presumption that the support chart is correct.

The facts in this case are not in issue. Appellant Judy L. Black and appellee Charles R. Black, III, were divorced on June 10, 1986. At the time they had four minor children. As part of the property settlement, the appellant received approximately $280,000 in cash and an interest in the appellee's pension fund. At the time of the decree the appellant was not working. The chancellor, in his decree, ordered the appellee to pay $500 a month for each minor child as child support. He further ordered a $1,000 alimony payment to the appellant for one year only.

On October 3, 1989, the appellant filed a petition to modify the decree due to material changes in circumstances involving the needs of the children and the appellee's ability to pay. In her petition she referred to the fact that two of her four children had reached their majority, and child support was, as a consequence, no longer being paid on their behalf. Total child support each month for the remaining two minor children was, therefore, $1,000.

At the trial it developed that the appellee was indeed earning more income. Whereas in 1986 his income had been about $186,500, his income tax return in 1989 reflected earnings of about $276,500, and in addition to that he received between $18,000 to $20,000 a year in non-taxable income. Accordingly,

his annual income had increased over $100,000. It further developed at the trial that all four children still lived with the appellant, and no child was working. The appellant was employed and earned about $800 a month. Of the $280,000 cash settlement, she had some $12,000 remaining. Since the divorce, she had bought a larger home, new furniture totaling approximately $10,000, jewelry worth about $4,500, and a car for her oldest daughter requiring monthly payments. She testified her monthly expenses were $4,000 to $4,500. The appellee had made gifts to his four children in varying amounts for college or for commencement of careers, which were revocable.

The chancellor, in his letter opinion dated August 1, 1990, referred to the change in the appellee's income, the status of the four children, the financial condition of the appellant, and the appellee's gifts to the four children at some length. After doing so, he determined that an increase of $250 per month for the two remaining minor children for a total monthly child support payment of $1,500 was appropriate. On September 6, 1990, the chancellor ordered the increased payment, and incorporated his letter opinion by reference into his order. In both his letter opinion and the order, he made mention of the child support chart. In his letter opinion he said that the court "may consider" the child support chart with a number of other factors to determine change of circumstances. The chancellor then added: "It should be noted at this point that the child support chart is not mandatory and the court may disregard it in making any change or refusing to make any change." He cited *Ross* v. *Ross*, 29 Ark. App. 64, 776 S.W.2d 834 (1989), as authority for these propositions. In his order, he further stated:

> For the reasons set forth in the letter dated August 1, 1990, attached thereto and incorporated herein by reference, the support chart is not mandatory and is not followed in the specific amount of increased support awarded by this court.

The controlling law on what is required to determine child support was made clear by Act 948 of 1989, now codified in part as Ark. Code Ann. § 9-12-312(a)(2) (1991):

> (a)(2) In determining a reasonable amount of support, initially or upon review to be paid by the non-

custodial parent, the court shall refer to the most recent revision of the family support chart. It shall be a rebuttable presumption for the award of child support that the amount contained in the family support chart is the correct amount of child support to be awarded. Only upon a written finding or specific finding on the record that the application of the support chart would be unjust or inappropriate, as determined under established criteria set forth in the support chart, shall the presumption be rebutted.

■ Also, by Per Curiam order dated February 5, 1990, we emphasized that the child support chart created a rebuttable presumption of the amount that was appropriate, and we listed factors to be considered by the court in arriving at the amount of support:

In adopting this per curiam, the Court creates a rebuttable presumption that the amount of child support calculated pursuant to the most recent revision of the Family Support Chart is the amount of child support to be awarded in any judicial proceeding for dissolution of marriage, separation, or child support.

It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support chart is correct, if the court enters in the case a written finding or specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Relevant factors to be considered by the court in determining appropriate amounts of child support shall include:

1. Food;

2. Shelter and utilities;

3. Clothing;

4. Medical expenses;

5. Educational expenses;

6. Dental expenses;

7. Child Care;

8. Accustomed standard of living;

9. Recreation;

10. Insurance;

11. Transportation expenses; and

12. Other income or assets available to support the child from whatever source.

Additional factors may warrant adjustments to the child support obligations and shall include:

1. The procurement and/or maintenance of life insurance, health insurance, dental insurance for the children's benefit;

2. The provision or payment of necessary medical dental, optical, psychological or counseling expenses of the children (e.g. orthopedic shoes, glasses, braces, etc.);

3. The creation or maintenance of a trust fund for the children;

4. The provision or payment of special education needs or expenses of the child;

5. The provision or payment of day care for a child; and

6. The extraordinary time spent with the non-custodial parent, or shared or joint custody arrangements.

*In Re: Guidelines for Child Support Enforcement*, 301 Ark. 627, 784 S.W.2d 589 (1990).

In his letter opinion the chancellor stated that the child support chart is not mandatory. That is essentially correct. We

have previously held, as has the Arkansas Court of Appeals, that there may be other matters in addition to the child support chart that have a strong bearing in determining the amount of support. *See Thurston v. Pinkstaff*, 292 Ark. 385, 730 S.W.2d 239 (1987); *Ross* v. *Ross*, 29 Ark. App. 64, 776 S.W.2d 834 (1989). The factors listed in our Per Curiam order are examples of such other matters.

■ The case of *Ross* v. *Ross*, though, does not hold that a chancellor may disregard the child support chart completely. Nor is the matter of referencing the chart discretionary with the chancery court in light of Act 948 of 1989 and our February 5, 1990 Per Curiam order. Reference to the chart is mandatory, and the chart itself establishes a rebuttable presumption of the appropriate amount which can only be explained away by written findings stating why the chart amount is unjust or inappropriate.

■ We are mindful that the chart did not contemplate monthly income as high as that of the appellee. But using the chart as a guide, an amount could have been extrapolated. In this regard we point to a recent case where we held that it was sufficient for a chancery court to use figures on the existing support chart to project monthly support amounts appropriate for a party with monthly income exceeding the chart amounts. *See Scroggins v. Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). In *Scroggins*, after projecting such an amount, the chancery court explained in written detail, after consideration of all relevant factors under our Per Curiam order, why that amount should not be followed. We held that that was the appropriate procedure.

Here, the chancellor's letter opinion gives a detailed explanation for his decision to modify the child support. He discusses specific changes in circumstances in 1989, the year of the petition to modify, as compared to 1986, the year of the divorce, and concludes that the support must be increased. But other than mentioning in his letter opinion that the child support chart may be considered and disregarded, there is nothing to confirm that he indeed referred to the chart in making his decision, projected a support chart amount premised on the appellee's monthly income, and presumed that amount to be correct. Nor can we confirm that he weighed the factors set out in our Per Curiam order and because of those factors determined that the amount

extrapolated from the support chart would be unjust or inappropriate. Certainly, the chancellor's written findings are not couched in those terms. His order does say that he declined to follow the chart, but, again, that does not confirm that he ascertained the chart amount and found it to be unjust or inappropriate.

We are, therefore, unable to determine in the case before us whether the chancellor followed the correct procedure. Certainly, there is no family support chart amount set out in his letter opinion or order. Moreover, his letter and order are not informative on whether all relevant factors were considered, though clearly some were.

We have the power to decide chancery cases *de novo* on the record before us, but in appropriate cases we also have the authority to remand such cases for further action. *See Schuh* v. *Roberson*, 302 Ark. 305, 788 S.W.2d 740 (1990); *Lynch* v. *Brunner*, 294 Ark. 515, 745 S.W.2d 115 (1988). This case requires a remand. We leave it to the discretion of the chancellor to decide whether a more detailed and explanatory opinion will suffice to meet the requirements of our Per Curiam order and Ark. Code Ann. § 9-12-311(a)(2), or whether further proof from the parties is necessary on the applicable factors and other relevant matters.

Reversed and remanded.

CORBIN, J., dissents.

DONALD L. CORBIN, Justice, dissenting. I dissent. The majority seems to be rigidly linked to the family support chart. It requires strict adherence to a recitation by the chancellor that the court has sifted through the relevant factors announced in our Per Curiam of February 5, 1990, one by one to determine the appropriate amounts of child support. The majority admits it is essentially correct that the support chart is not mandatory. The majority does hold that a reference to the chart is mandatory. I have no difficulty in reading and understanding that the chancellor did "reference the chart" when he stated in his order that he declined to follow the chart. I would affirm.