June COCHRAN *v.* Elisha COCHRAN, Jr.

92-202                                    832 S.W.2d 252

Supreme Court of Arkansas
Opinion delivered June 15, 1992

*Greg L. Mitchell* of the Dep't of Human Services, for appellant.

*Ralph C. Goza*, for appellee.

STEELE HAYS, Justice. June Cochran (appellee) and Elisha Cochran, Jr. (appellant) were divorced in July 1987 and Ms. Cochran was awarded custody of Elisha Cochran III, age 12, and $39 per week in child support. In 1991 the Arkansas Department of Human Services, Child Support Enforcement Unit, moved ex rel. to increase child support based on a material change of circumstances and for income withholding pursuant to Ark. Code Ann. § 9-10-112 (Repl. 1991). Mr. Cochran denied there had been any material change of circumstances or that there was good cause for income withholding. The chancellor found that circumstances had changed since the divorce and that $60 per week was a reasonable amount of child support. He found that good cause existed not to order income withholding. Mrs. Cochran appeals. We affirm in part and reverse in part.

Ms. Cochran testified in some detail as to the increased expense of maintaining their son, a fifteen-year-old. She testified that food, clothing, extracurricular activities at school had all increased. Elisha is in the band, the Key Club, and the Astrology Club, which requires science projects. There are band trips and Elisha now wears men's sizes. Since the divorce he has developed bronchial asthma. Blue jeans cost as little as $19.95 and as much as $40 a pair as opposed to $10 - $15 for boy's sizes.

Mr. Cochran is a captain with the Camden Police Depart-

ment, a position he held at the time of the divorce. His salary in 1987 was $12.03 per hour and $14.50 in 1991. His gross annual wages in 1988 were $28,242.56 and $30,509.27 in 1990, or an increase of $1,160. His current take home earnings are $730.38 bi-weekly. Deductions include $95 monthly for a savings account, without which his take home earnings would be $825.38 every two weeks. Additionally, $69.60 is withheld monthly for retirement and $9.08 for medical insurance. Mr. Cochran owns the following vehicles, one of which he acquired since the divorce: 1964 Thunderbird, 1974 Oldsmobile, 1971 Lincoln, 1973 Cadillac, 1977 Lincoln and 1980 Camero.

At the conclusion of the hearing the chancellor observed that if he followed the Family Support Chart [*See In Re: Guidelines for Child Support Enforcement*, 301 Ark. 627, 784 S.W.2d 589 (1990), adopted pursuant to Ark. Code Ann. § 9-12-312(a) (Repl. 1987)], the amount would basically double, from $39 per week to $78 per week, which he considered unreasonable. He continued:

> On the other hand I think it's unreasonable to maintain the child support at its present level. It was set four years ago. The chart has changed. Also there has been a change in circumstances. The principal change is the increase in income enjoyed by the defendant. So I have the two extremes which I reject.
>
> From all of the totality of the circumstances, including the factors that I have enumerated, it will be the order of the Court that support will be increased from the current level to the sum of Sixty Dollars ($60) per week effective immediately.

Ms. Cochran raises two points for reversal: The trial judge erred in determining the amount of child support and in finding that good cause existed to not order immediate income withholding. We disagree as to the amount of child support but agree as to income withholding.

Two cases decided with reference to the Family Support Chart are *Black* v. *Black*, 306 Ark. 209, 812 S.W.2d 472 (1991) and *Scroggins* v. *Scroggins*, 302 Ark. 362, 790 S.W.2d 157 (1990). In both cases the chancellors declined to order child

support in the amount designated by the chart and in one instance we affirmed and in the other we reversed. The distinction lies in the fact that in one case, *Scroggins*, the chancellor gave careful attention to the chart and proceeded to explain in written detail why he considered the chart amounts inappropriate to the case. "Indeed, he made specific findings spelling out why the support charge was inappropriate considering the pertinent factors sin this case." *Scroggins* at 367. In contrast, in *Black*, the chancellor, in rejecting the chart, observed that the Family Support Chart "is not mandatory and the court may disregard it in making any change or refusing to make any change." *Black* at 211. While we conceded the amounts reflected in the chart were not mandatory, we could not agree that the chart may be disregarded. We said that reference to the chart is mandatory, "and the chart itself establishes a rebuttable presumption of the appropriate amount which can only be explained away by written findings stating why the chart amount is unjust or inappropriate." *Black* at 214.

■ Although in this case the chancellor obviously considered the chart amount, we are not persuaded that he gave due consideration to the amount, at least as reflected by his concluding remarks, the only indication we have concerning his reasoning. The sum and substance of his observations were that the chart amount of $78 was "unreasonable." Given the presumption that the chart amount *is* reasonable, we believe it is incumbent on the trial courts to give a fuller explanation of their reasons for rejecting the chart. If appellate review is to have much significance, a greater account of why the chart amount is inappropriate under the circumstances of the case is essential.

■ We consider chancery appeals *de novo*, and we regard the record here as sufficiently developed to enable us to determine that the chart amount of $78 stands unrebutted by factors which would render such amount unjust. Accordingly, we reverse with directions that that figure be adopted by the trial court.

■ As to the question of income withholding, the chancellor noted that there was no arrearage in child support payments, ruling that such fact was good cause to refrain from ordering income withholding. Appellant has not demonstrated the error of that view and we, therefore, affirm that part of the order.

Affirmed in part, reversed in part.