Sheila Marie RITCHEY *v.* Rick Allen FRAZIER

CA 96-698                                        940 S.W.2d 892

Court of Appeals of Arkansas
Divisions III & IV
Opinion delivered April 9, 1997

*Everett O. Martindale*, for appellant.

*John S. Kitterman*, for appellee.

JUDITH ROGERS, Judge. The appellant, Sheila Ritchey, appeals from an order denying her motion for an increase in child support which she had brought against appellee, Rick Frazier, her former husband. Appellant raises two issues for reversal of the chancellor's decision.[1] She contends that the chancellor erred by refusing to increase child support at the conclusion of the hearing held on November 29, 1995, and that the chancellor erred by refusing to allow her to present evidence demonstrating appellee's income at the time her motion for an increase was filed. We find no reversible error and affirm.

Our review of the record discloses that the parties were divorced in 1987. On January 27, 1994, an agreed order was entered, based upon the joint motion of the parties, reducing appellee's child support obligation to $50 a week. On August 23, 1994, appellant filed a motion to modify the agreed order based on the allegation that appellee's income had increased since entry of the order. Appellee countered with a motion for a change of custody of their two children. Other motions, not pertinent to this appeal, were filed as well. All matters pending before the court were set down for a hearing on September 5, 1995. However, testimony was not concluded on that date and further hearings were held on November 29, 1995, and February 14, 1996. By order of March 27, 1996, the chancellor disposed of the various motions submitted, which included the denial of appellant's motion requesting an increase in child support. This appeal followed.

---

[1] Appellant raised a third issue concerning the chancellor's denial of an award of attorney's fees, but that issue was later abandoned by appellant in her response to a motion filed by appellee in this appeal.

The issues in this appeal arise from events which transpired at the hearings on November 29 and February 14. Near the end of the day of trial on November 29th, it was apparent that the hearing would run on to another day, and the chancellor expressed the desire to go forward with the proposed testimony of the children so as to avoid their having to appear at a later date. Appellant's counsel then asked the chancellor for a ruling on the request for an increase in support, stating that the motion had been pending for more than a year and that he had elicited "the only testimony we have regarding that motion." Appellee's counsel moved for a directed verdict on the ground that appellant had failed to show a change in circumstances since no evidence had been presented as to appellee's income at the time the agreed order was entered. In the following discussion, appellant's counsel stated that he had not yet had the opportunity to elicit much testimony, but he noted that the chart amount based on appellee's current income was twice the amount reflected in the agreed order. The chancellor disagreed with counsel's representation that he had not had the chance to question appellee, recalling that she had hinted to counsel during his cross-examination of appellee that evidence of appellee's income at the time of the previous order was needed in order for her to determine whether circumstances had changed. The chancellor did not make a definitive ruling on the motion; however, she held counsel to his previous statement that all the testimony he intended to introduce had been presented and ruled that the record was closed on the issue of support. At the subsequent hearing on February 14, the chancellor refused to allow further evidence on the subject, even refusing the appellant the opportunity to make an offer of proof, which consisted of a verification from appellee's employer showing appellee's income as of August 1994.

As her first point, appellant contends that the chancellor erred by not granting her motion for an increase in support at the hearing on November 29. Appellant argues that it was shown that appellee presently earned $405 a week, which results in a child-support payment of $100 a week according to the applicable family support chart. She argues that a sufficient change in circumstances was demonstrated since the current chart amount is twice

the amount reflected in the agreed order. Appellant is mistaken in the belief that this evidence alone demonstrates a change in circumstances.

A change in circumstances must be shown before a court can modify an order regarding child support, and the party seeking modification has the burden of showing a change in circumstances. *Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993). In *Ross v. Ross*, 29 Ark. App. 64, 776 S.W.2d 834 (1989), we held that a child-support obligation cannot be modified based solely on the current chart amount without there also being proof of a change in circumstances. The change in circumstances asserted by appellant was that appellee's income had increased since the entry of the agreed order. However, appellant failed to introduce evidence of appellee's income when the agreed order was entered, or perhaps counsel failed to comprehend the chancellor's prompting that such evidence was necessary in this case.

A chancellor's determination as to whether there are sufficient changed circumstances to warrant an increase in child support is a finding of fact, and this finding will not be reversed unless it is clearly erroneous. *Roland v. Roland, supra.* Since the record contains no evidence demonstrating appellee's income as of the time of the agreed order, we cannot say that the chancellor's decision that appellant failed to show that appellee's income had increased since the entry of that order is clearly erroneous. We note that appellant's argument might have proven successful if it had been shown that the previous amount of support had been set in accordance with the child-support chart. However, the amount contained in the order was based upon the agreement of the parties, and there was testimony that it was not based on appellee's income in reference to the support chart.

Appellant next argues that the chancellor erred in refusing to allow her to present proof of appellee's income as of August 1994, the date the motion for an increase in support was filed, or to allow her to proffer that evidence. While we may look with disfavor on the actions of the chancellor, particularly since the interests of minors are involved, we can discern no prejudice to appellant flowing from the chancellor's rulings. The only evi-

dence appellant sought to introduce was evidence of appellee's income at the time the motion for an increase was filed. Since appellant failed to meet her initial burden of showing a change in circumstances, proof of appellee's income at that point in time cannot possibly affect the outcome of this case, and is thus of no consequence. We will not reverse in the absence of prejudice. *Mikel v. Hubbard*, 317 Ark. 125, 876 S.W.2d 558 (1994). Therefore, we cannot say that reversible error occurred.

Affirmed.

PITTMAN, COOPER, BIRD, and STROUD, JJ., agree.

MEADS, J., dissents.

MARGARET MEADS, Judge, dissenting. The majority opinion overlooks certain facts which, I believe, are determinative of the correct result in this case. Although appellant filed her motion for increased child support before appellee's motion for change of custody, the trial court decided to hear appellee's motion first. Hearing of this motion lasted two days and was still incomplete, with a third day scheduled two and one-half months later. Toward the end of the second day of testimony, the court interrupted appellant's cross-examination of appellee, but stated that she could reserve the rest of her cross-examination of this witness.

Appellant asked for a ruling on her support motion even though she had not yet had the opportunity to present her case, because hearing of the motion had been delayed for over a year. Counsel for appellant stated: "That's the only testimony we have regarding that motion, Your Honor." Counsel for appellee then moved for a directed verdict on the support motion. The court announced that the record was closed on the issue of child support.

When the hearing resumed on February 14, 1996, appellant attempted repeatedly to offer proof of appellee's income, but the court denied the proffer, stating again that the record was closed on the child-support issue.

I agree with the majority that the evidence in the record is insufficient on the issue of changed circumstances to justify a

child-support modification. However, I agree with appellant that the chancellor should have allowed her to present her case and that the chancellor's refusal to do so was an abuse of discretion. While appellant unwisely pressed for a ruling on the child-support motion before presenting her case, it appears that her insistence resulted from confusion, misunderstanding, and frustration over the inordinate delay in getting a proper hearing of the motion.

Our court has stated:

> [F]ailure through inadvertence to place before the trier of fact important evidence is a basis for reopening the evidence, and that refusal to permit it to be reopened under such circumstances will result in reversal. The principle involved is that evidence should be reopened where to do so would serve the interests of justice and cause no undue disruption of the proceedings or unfairness to the party not seeking to have it reopened.
>
> Many of the cases in which a trial court has been held to have exceeded its discretionary authority . . . involve inadvertent failures to produce evidence without which the court is forced to direct a verdict against the party whose inadvertence caused the lapse. (Citations omitted.)

*H & M Realty v. Union Mechling Corp.*, 268 Ark. 592, 597, 595 S.W.2d 232, 235 (Ark. App. 1980).

Also, in *Sugarloaf Development Co. v. Heber Springs Sewer Improvement Dist.*, 34 Ark. App. 28, 805 S.W.2d 88 (1991), appellant filed a motion for a new trial asking that the record be reopened for the taking of testimony. On appeal, appellant argued that the chancellor erred in denying its motion for a new trial, and at oral argument appellant's counsel conceded that the evidence had inadvertently been omitted at trial, but urged that "in equity and good conscience" the chancellor should have allowed the reopening of the record for further proof. Our court noted that the evidence was necessary to appellant's request for relief, and held the chancellor abused his discretion in not reopening the record for the presentation of the proof.

I believe these cases are analogous to the instant case and, therefore, even if the chancellor was correct in considering that counsel had concluded his evidence, I believe the chancellor

abused her discretion in not allowing appellant to present proof on the issue of child support.

The evidence was necessary to appellant's request for relief, no prejudice would have resulted to appellee, and the court would not have been inconvenienced by permitting the evidence to be admitted. Moreover, while it is true that appellant asked for a ruling on the motion for an increase in child support, it is also true that the motion had been pending for fifteen months; that appellant had not put on any witnesses; that counsel's cross-examination of appellee was interrupted by the court; that cross-examination was not completed; and that appellant repeatedly asked to be allowed to present evidence on that issue. Under these circumstances I believe there was at least some confusion which contributed to appellant's failure to submit evidence important to proving her case. Moreover, appellee would have suffered no prejudice by allowing appellant to present the evidence. Finally, because the interests of children are involved, I believe the chancellor should have allowed appellant to put on evidence regarding the issue of child support.

I would reverse and remand for the chancellor to take evidence of the issue of child support.

I respectfully dissent.