John Steven WOODSON *v.* Vicki R. Woodson JOHNSON

CA 97-1422                                                   975 S.W.2d 880

Court of Appeals of Arkansas
Divisions IV and I
Opinion delivered October 14, 1998

*Friday, Eldredge, & Clark,* by: *Barry E. Coplin,* for appellant.

*Mitchell, Blackstock, & Barnes,* by: *Jack Wagoner III,* for appellee.

MARGARET MEADS, Judge. This case concerns modification of a child-support award. The parties to this action were divorced in 1985; Johnson was awarded custody of the parties' daughter, and Woodson was ordered to pay child support of $250 per month. In 1994, although the court failed to determine appellant's specific income, Johnson obtained an increase from $250 to $1,300 per month; Woodson did not appeal that decision.

Woodson remarried and had two children with his second wife. In 1995, Woodson and his second wife separated, and the Saline County Chancery Court ordered him to pay $1,371 per month in child support for his two youngest children. Woodson fell behind in his child-support obligations to both Johnson and his second wife, and he filed a motion to decrease his child-support payments to Johnson. In response, Johnson filed motions for contempt for failure to pay child support and for an increase in child support. After two hearings on the issue, the chancellor reduced Woodson's child-support payments to $900 per month and found him in willful contempt for failure to pay child support; however, she stated that she was unable to determine Woodson's income. Woodson now appeals the chancellor's order setting child support at $900 per month, arguing that this finding was clearly erroneous and an abuse of discretion, and that the chancellor erred in failing to establish his income and in failing to reference the family support chart. Johnson cross-appeals, arguing that the chancellor erred in finding that there had been a material change in circumstances justifying a decrease in appellant's child-support obligation from $1,300 per month to $900 per month.

We find that Johnson's cross-appeal is dispositive of the litigation. The amount of child support to be paid lies within the sound discretion of the chancellor, and the chancellor's finding will not be disturbed on appeal absent an abuse of discretion. *Scroggins v. Scroggins,* 302 Ark. 362, 790 S.W.2d 157 (1990); *Anderson v. Anderson,* 60 Ark. App. 221, 963 S.W.2d 604 (1998); *Mearns v. Mearns,* 58 Ark. App. 42, 946 S.W.2d 188 (1997).

However, a change in circumstances is required before a child-support obligation can be modified, and it is the burden of the party seeking the modification to show that there has indeed been a change in circumstances. *Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993). A chancellor's decision regarding whether there are sufficient changed circumstances to warrant a modification in child support is a factual finding, and that determination will not be reversed unless clearly erroneous. *Id.* The *Roland* court, citing *Reynolds v. Reynolds*, 299 Ark. 200, 771 S.W.2d 764 (1989), held:

> In determining whether there has been a change in circumstances warranting adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child support chart.

43 Ark. App. at 63-64 (citations omitted).

■ ■ It is mandatory that a chancellor, in deciding a reasonable amount of child support, refer to the family support chart. Ark. Code Ann. § 9-14-106(a)(1)(A) (Repl. 1998). This statute creates a rebuttable presumption that the amount contained in the family support chart is the correct amount of child support to be awarded; however, this presumption can be rebutted upon a written finding that the application of the family support chart would be unjust or inappropriate, as determined under established criteria set forth in the family support chart. Ark. Code Ann. § 9-14-106(a)(1)(B) and (C). Before a chancellor can refer to the family support chart, the payor's income must be determined. *Stepp v. Gray*, 58 Ark. App. 229, 947 S.W.2d 798 (1997). If the chancellor then deviates from the chart amount, she must explain her reasons for doing so; for if appellate review is to have significance, it is essential that we have an account of why the chart amount is inappropriate under the circumstances. *Cochran v. Cochran*, 309 Ark. 604, 832 S.W.2d 252 (1992).

After hearing the evidence, the chancellor declared that she could not determine Woodson's income and did not think Wood-

son wanted her to know his income. She stated that she did not believe Woodson's testimony with regard to certain business expenses; however, she also said that she was convinced that his business was in worse shape than it had been in 1994 and noted that he was now making a $1,371 monthly child-support payment for his youngest two children. She then reduced Woodson's monthly child-support obligation to $900. The order does not specify appellant's income, contains no reference to the child-support chart, does not state what the chart amount would be, and does not explain why application of the chart amount would be unjust or inappropriate.

The chancellor did not determine Woodson's income in 1994 when she ordered an increase in his monthly child-support obligation to $1,300, but Woodson did not appeal that decision. Similarly, after hearing appellant's current petition to reduce child support, the chancellor did not make a finding of Woodson's income because she was unable to determine his income with the proof he provided. The party seeking modification of child support has the burden of showing a change in circumstances. *Ritchey v. Frazier*, 57 Ark. App. 92, 940 S.W.2d 892 (1997). Because Woodson's income was not determined when support was set at $1,300 per month and cannot be determined now, we cannot say that there has been a material change in circumstances justifying a decrease in Woodson's child support. Therefore, the monthly support should have remained at $1,300.

Reversed with instructions to reinstate the $1,300 monthly child-support award.

NEAL, GRIFFEN, JENNINGS, BIRD and CRABTREE, JJ., agree.