SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-15-355

| | |
|---|---|
| CHAD MCPEAK<br><br>APPELLANT<br><br>V.<br><br>LAURA MCPEAK<br><br>APPELLEE | **Opinion Delivered:** November 4, 2015<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTEENTH DIVISION<br>[NO. DR2006-4015]<br><br>HONORABLE VANN SMITH, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

This appeal stems from litigation following the July 2007 divorce of appellant Chad McPeak and appellee Laura Escue (formerly McPeak). Chad appeals specifically from the Amended and Substituted Order entered in their case on December 23, 2014. He argues two points: (1) that the trial court erred in failing to apply proper credits to the amount Chad owed to Laura from their marital debt; (2) that the trial court erred in failing to set Laura's child-support obligation based upon her income and the Family Support Chart.

The parties' initial decree of divorce, which awarded primary physical custody of their minor child to Chad, addressed the issues of child support and marital debt. The July 2007 decree, in pertinent part, reads as follows:

4.      The issue of child support was tried by the Court. The Defendant [Laura] is recovering from neck surgery and is not currently working, but testified she is applying for work and expects to be able to return to work in several weeks after being released by her physician. The Court imputes to Defendant the minimum amount of income under the Family Support

Chart, and awards Plaintiff $24.00 per week in child support beginning on January 15, 2007 and continuing until April 6, 2007 (or until Defendant's physician releases her to return to work, if she is released for work as of a later date). Thereafter, the Court imputes net weekly income to Defendant in the amount of $330.00 per week and awards Plaintiff $74.00 per week, beginning as of April 6, 2007. The Defendant shall report to her attorney when she obtains employment, and child support will be calculated during her employment in accordance with the Family Support Chart and Guidelines. The child support due from Defendant will be applied to Plaintiff's share of the marital debt as set forth in the Court's ruling below. After the total debt is satisfied by the combination of the income tax refunds and the child support credits, Defendant will begin paying child support to Plaintiff in the sum of $74.00 per week based on the imputed income or in an amount consistent with the Family Support Chart and Guidelines based on her actual net income.

5.        The issue of division of the parties' debt was tried by the Court. Plaintiff shall be responsible for a total of $10,038.84 of the marital debts, including $8,671.77 of the balance owed on the home equity line of credit, plus his share of cell phone bills, credit card bills, video rental charges, and the child's medical insurance and medical bills paid by Defendant, and Defendant shall be responsible for the balance of the marital debts. Plaintiff shall be responsible for the other individual debts listed in his Affidavit of Financial Means. Defendant shall be responsible for any other debts she has incurred. Plaintiff shall pay Defendant one-half of his 2006 federal and state income tax refunds to be applied toward the debt. Plaintiff will receive a credit in the amount of $24.00 per week in lieu of the child support due from Defendant between January 16, 2007 and April 6, 2007. After April 6, 2007, Plaintiff shall receive a credit in the amount of $74.00 per week in lieu of child support due from Defendant after April 6, 2007 (or the amount of child support calculated on Defendant's actual net income, if different) until the full sum of $10,038.34 is satisfied. No interest will be due to Defendant on the amounts owed to her from plaintiff.

Our court reviews traditional equity cases de novo on the record and will not reverse a finding of fact by the trial court unless it is clearly against the preponderance of the evidence.[1]

---

[1] *Williams v. Williams*, 82 Ark. App. 294, 108 S.W.3d 629 (2003).

Chad's first argument on appeal is that the two foregoing paragraphs of the July 2007 divorce decree are in conflict with each other, and therefore, the trial court erred in applying credits to the amount he owed Laura from their marital debt. Thus, he argues, it must be decided which paragraph is controlling.

Following motions by the parties, the trial court entered two additional orders on July 13, 2009, and November 12, 2014. On November 24, 2014, Laura filed a Motion for Reconsideration or Correction of Order. She contended that the two orders gave incongruous instructions; one in which she would pay child support and another in which her Social Security disability benefits would be directed toward the child in lieu of child support. Chad responded that he did not believe the orders to be in conflict, yet he never made the argument, as he does here, that paragraphs four and five of the original divorce decree were in conflict. The trial court additionally held hearings in October and December 2014 at which Chad failed to raise the argument. Although our court reviews divorce cases de novo on the record, that review does not mean that we can entertain new issues on appeal when the opportunity presented itself for them to be raised below and that opportunity was not seized.[2] It is incumbent on the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them and preserve them for appellate review.[3] Chad's argument is not preserved; therefore, we do not consider it.

---

[2] *Olson v. Olson*, 2014 Ark. 537, 453 S.W.3d 128 (citing *Jones v. Jones*, 320 Ark. 449, 898 S.W.2d 23 (1995)).

[3] *Advance Am. Serv. of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008).

Chad next argues that the trial court erred by failing to set Laura's child-support obligation based upon her income and the Family Support Chart. Our standard of review for an appeal from a child-support order is de novo, and we will not reverse a finding of fact by the trial court unless it is clearly erroneous.[4] When we review the trial court's findings, we give due deference to its superior position to determine the credibility of witnesses and the weight to be accorded their testimony.[5]

Chad contends that the method by which the trial court set child support operated by him receiving Social Security benefits payable to their child, allowing Laura to minimize her income. He argues such is inconsistent with the purposes of the Family Support Chart. Additionally, he states that it was error for the trial court to leave out any reference to the Family Support Chart in the order. While it is true that the Amended and Substituted Order from which he appeals contains no mention of the Chart, the initial divorce decree specifically references the Chart at Paragraph 4. Nevertheless, Chad did not raise these arguments in the hearings throughout this case nor did he make any such objection by motion. Again, we will not consider arguments that an appellant fails to raise below.[6]

Even if this point was preserved for appeal, it would still fail because child-support obligations cannot be modified without proof of a change in circumstances, which Chad

---

[4] *Ward v. Doss*, 361 Ark. 153, 205 S.W.3d 767 (2005).

[5] *Id.*

[6] *Olson, supra.*

has not done.[7] Where no evidence is submitted to show a change of circumstances, the trial court is without sufficient evidence to modify child support.[8]

Appellant failed to preserve his arguments for appeal. Accordingly, we affirm.

Affirmed.

GLOVER and WHITEAKER, JJ., agree.

*Wankum Law Firm*, by: *Jeff Wankum*, for appellant.

*James H. Phillips, P.A.*, by: *Johnathan D. Dial, Sr.*, for appellee.

---

[7] *Woodson v. Johnson*, 63 Ark. App. 192, 975 S.W.2d 880 (1998).

[8] *Ross v. Ross*, 29 Ark. App. 64, 776 S.W.2d 834 (1989).