Ruth Jayne Albey DUQUE, Administratrix of the Estate of Day Michele Albey, Deceased *v.* OSHMAN'S SPORTING GOODS—SERVICES, INC., et al.

96-204                                        937 S.W.2d 179

Supreme Court of Arkansas
Opinion delivered February 10, 1997

[Petition for rehearing denied March 10, 1997.]

*The McMath Law Firm, P.A.*, by: *Sandy S. McMath*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *William H. Edwards, Jr.* and *Derek J. Edwards*, for appellee.

DAVID NEWBERN, Justice. Ruth Jayne Albey Duque, administratrix of the estate of her daughter, Day Michele Albey, sued Oshman's Sporting Goods—Services, Inc., Oshman's Sporting Goods—Arkansas, Inc., and others who are not parties to this appeal. We will refer to the two defendants named above collectively as "Oshman's." The claim was that Oshman's negligently sold a pistol to a man who used it to kill Ms. Albey. The judgment, based on a jury verdict, favored Oshman's. Ms. Duque's points of appeal concern evidentiary rulings by the Trial Court. We are unable to reach the merits of the rulings, and we affirm the judgment in favor of Oshman's, because we find in neither party's abstract of the record the necessary proffers of the evidence alleged to have been erroneously excluded.

Jimmy L. Sweeney purchased a pistol and ammunition from an Oshman's Sporting Goods store. A few minutes later he loaded the pistol and walked into a store where Ms. Albey, his former girlfriend, was working. He killed Ms. Albey, and then himself, using the pistol purchased from Oshman's.

Ms. Duque alleged two counts of negligence against Oshman's. She first claimed that Oshman's was negligent for selling the pistol to Mr. Sweeney when it knew or should have known, in light of Mr. Sweeney's appearance or behavior at the time of sale, that he was likely to misuse the pistol. Ms. Duque also claimed that Oshman's was negligent for failing to implement a written "safe-sales policy" that would have warned its personnel of the "profile" of a consumer who was likely to misuse a firearm. Had such a policy been in place at Oshman's, asserted Ms. Duque, the store personnel would not have sold the pistol to Mr. Sweeney.

In response to a series of special interrogatories, the jury found that Oshman's had not committed negligence that was a proximate cause of Ms. Albey's death. The jury found that Mr.

Sweeney had engaged in intentional conduct that was the proximate cause of Ms. Albey's death and that Mr. Sweeney's acts were an intervening proximate cause of Ms. Albey's death.

Ms. Duque asserts that the Trial Court erred by (1) granting Oshman's motion *in limine* to exclude evidence of previous instances in which other consumers misused the firearms they purchased from Oshman's; (2) denying Ms. Duque the opportunity to cross-examine an Oshman's representative about such prior occurrences; and (3) granting Oshman's motion *in limine* to prohibit one of Ms. Duque's witnesses from giving an expert opinion describing the aspects of a consumer's appearance or behavior that should have alerted Oshman's personnel of the likelihood of the consumer's misusing the weapon.

Neither Ms. Duque's abstract nor the supplemental abstract provided by Oshman's demonstrates that Ms. Duque proffered the evidence that she asserts was erroneously excluded. According to Arkansas Rule of Evidence 103,

> [e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . .
>
> (2) Offer of proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Ark. R. Evid. 103(a)(2).

To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so as to permit review of a trial court's decision, unless the substance of the evidence is apparent. *Wade v. Grace,* 321 Ark. 482, 902 S.W.2d 785 (1995). Failure to proffer evidence so that we can see if prejudice results from its exclusion precludes review of the evidence on appeal. *Carr v. General Motors Corp.,* 322 Ark. 664, 667, 911 S.W.2d 575, 577 (1995).

It appears from the abstracts before us that Ms. Duque did not proffer the substance of the evidence that was excluded. During oral argument of this case, counsel for Ms. Duque

explained that some of the evidence he was not permitted to present to the jury was before the Trial Court. We cannot, however, find it in the abstracts. "We have often written that our review on appeal is limited to the record as abstracted and that we will not reach the merits of a case when the documents in the transcript that are necessary for an understanding of the case are not abstracted." *Burns v. Carroll,* 318 Ark. 302, 302, 885 S.W.2d 16, 17 (1994). "[W]e have said many times that there is only one record and seven justices. We will not require seven justices to scour one record for material that should have been abstracted." *Boren v. Worthen Nat'l Bank,* 324 Ark. 416, 420, 921 S.W.2d 934, 937 (1996). Because the abstracts do not contain the materials necessary for a review of the Trial Court's evidentiary rulings, we must affirm the judgment.

Affirmed.