Paul Lewis DOTTLEY *v.* Melanie Dottley MILLER

CA 07-426                                         276 S.W.3d 729

Court of Appeals of Arkansas
Opinion delivered February 20, 2008

*Haddock & Tisdale, P.A.*, by: *James W. Haddock*, for appellant.

*R. Victor Harper*, for appellee.

SAM BIRD, Judge. The issue in this case is whether the trial court erred in ruling on a petition for modification of child support without hearing any testimony or receiving any evidence. We hold that the trial court did err, and we reverse and remand for a hearing on the petition.

Appellant Paul Lewis Dottley, Jr., and appellee Melanie Beth (Dottley) Miller were divorced on October 2, 2000. On January 15, 2006, appellant filed a petition for modification of child support, alleging a change in circumstances justifying a decrease in child support. Appellee answered, requested an increase in child support, and filed a counterclaim for contempt. The trial court set the case for a hearing on December 21, 2006.

The record reflects that on December 21, 2006, the trial court requested the attorneys to identify themselves and the parties they represented. The court then explained that there were two matters before the court: a petition to modify support and a motion for contempt. The following includes the remainder of the proceedings:[1]

> THE COURT: ...I visited with the attorneys in the back and received some indication of what the anticipated

---

[1] Appellant is referred to as the Defendant; appellee is referred to as the Plaintiff.

testimony might be. And from that I reached a decision. Mr. Harper, would you announce it?

MR. HARPER: Yes, sir, Your Honor. Mr. Dottley owes to my client the sum of $800.00 in back child support. In addition he owes the sum of $185.00 for school fees, which he has not paid. That total is $985. That amount will be paid within ninety days of today's date.

In addition, my client will be awarded attorney's fees of $500.00 for Defendant's failure to follow the previous orders of the court. That fee will be paid within ninety days.

The Plaintiff's petition for increase is denied. The Defendant's petition for a decrease is denied. The tax deduction will continue to be carried by my client.

During the summer months when the Defendant has the child for at least fourteen days he will be entitled to a reduction of one-half of his child support obligation. The child support will continue to be $400.00 per month.

The parties previously in a property settlement agreement provided that they would each be responsible for one-half of private school tuition and expenses. That agreement was entered into during the divorce and the Court finds it shall continue to be enforced. Therefore, they will both continue to be responsible for half of the tuition and fees for the private school the child is attending.

THE COURT: Okay. Very well. And this is the ruling of the court. Is there anything further, Mr Haddock?

MR. HADDOCK: Excuse me, Your Honor?

THE COURT: I said that's the ruling of the Court.

MR. HADDOCK: Just note our objection, Your Honor, that the Court ruled without taking any evidence, any testimony, looking at none of the evidence to be pre-

sented in this case. That he ruled basically on all the representations of Ms. Dottley's attorney and to that we object.

I've tried about a thousand of these cases and this is the first time I've ever had a ruling without any evidence. To that we object and to that we're going to appeal.

THE COURT: Well, you know, while we're here you can —

MR. HADDOCK: The Court's announced [its] ruling. If we're going to have a hearing I'm going to ask the Court to recuse, because the Court's already decided what he's going to do without the first witness taking the stand.

THE COURT: Okay. Well, yeah, that's my ruling based upon the proposed facts as I appreciate them to be if this matter was presented to the Court.

The trial court entered an order on January 31, 2007, denying appellant's request for a decrease in child support and essentially incorporating the rulings set forth above in its oral pronouncement. Appellant filed a timely appeal from the order.

Appellant's argument on appeal is that the trial court erred by, in essence, granting a summary judgment when it ruled without allowing testimony or receiving any evidence. Appellant claims that summary judgment is an extreme remedy; that this case is fact intensive; and that summary judgment was therefore inappropriate. Appellee responds, arguing that this court's review is limited to the record, and that appellant's failure to proffer evidence or testimony precludes our review on appeal, citing *Duque v. Oshman's Sporting Goods*, 327 Ark. 224, 937 S.W.2d 179 (1997), and other cases standing for this proposition. Appellee claims that it is apparent that the trial court was attempting to offer appellant an opportunity for a hearing when it said, "Well, you know, while we're here you can —" and that appellant's counsel declined the offer. Appellee also argues that the record does not contain any evidence or testimony upon which a request to reduce child support could be granted, that the appellant offered nothing to meet his burden of showing that a change in circumstances had occurred, and that evidence and testimony not proffered will not be considered on appeal.

A change in circumstances must be shown before a court can modify an order for child support, and the party seeking modification has the burden of showing a change in circumstances. *Reynolds v. Reynolds*, 299 Ark. 200, 771 S.W.2d 764 (1989). In determining whether there has been a change in circumstances warranting adjustment in support, the supreme court has held that the trial court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart. *Evans v. Tillery*, 361 Ark. 63, 204 S.W.3d 547 (2005).

On appeal, we review child-support awards de novo on the record. *Martin v. Scharbor*, 95 Ark. App. 52, 54, 233 S.W.3d 689, 692 (2006). A trial court's determination regarding whether there are sufficient changed circumstances to warrant a modification in child support is a question of fact that we will not reverse unless it is clearly erroneous. *Woodson v. Johnson*, 63 Ark. App. 192, 975 S.W.2d 880 (1998). A finding is clearly erroneous when, although there is evidence to support it, the reviewing court *on the entire evidence* is left with a definite and firm conviction that a mistake has been committed. *Martin*, 95 Ark. App. at 54, 233 S.W.3d at 692.

In order for the trial court to make the factual determination of whether there have been sufficient changed circumstances to warrant a modification of child support, the trial court must consider evidence. Evidence is "any species of proof legally presented at trial through the medium of witnesses, records, documents, exhibits, and concrete objects for the purpose of inducing belief in the minds of the court or jury. The word 'evidence' thus includes all the means by which any fact in dispute at a judicial trial is established or disproved." 29 Am. Jur. 2d *Evidence* § 1 (1994). Then, in order for this court to review the trial court's determination, we must review the entire evidence. In this case, there was no evidence to review: no testimony, no financial records, nothing. Appellant has effectively been denied any review of the trial court's ruling because the court did not allow any evidence to be presented.

Appellant asserts that the trial court, in essence, granted a summary judgment. We disagree. Summary judgment is governed by Ark. R. Civ. P. 56. It provides for the filing of motions specifying the issues upon which the motion is being filed,

responses, and supporting materials. No motion for summary judgment was filed by either party; no affidavits, financial records, or other documents were provided; and no determination was made by the trial court that there were "no genuine issues of material fact to be litigated, and that [appellee] is entitled to judgment as a matter of law." *Mitchell v. Lincoln*, 366 Ark. 592, 237 S.W.3d 455 (2006). The trial court did not grant a motion for summary judgment. The court made a determination regarding appellant's petition for modification without considering, in any legally recognizable way, any evidence.

Appellee excuses the court's actions by claiming that the court attempted to offer appellant an opportunity for a hearing, that appellant's counsel understood it to be an offer, but that appellant declined the offer. Therefore, appellee claims, appellant essentially "waived" his hearing. Appellee relies upon cases requiring a party to proffer excluded testimony or evidence in order to have the issue considered on appeal.

First, we do not find the trial court's statement as determinative as does appellee. While it is certainly possible that the trial judge intended to offer appellant a hearing when he was interrupted by appellant's counsel, the fact is that he did not offer appellant a hearing. We are unwilling to assume that the trial court, after twice announcing "that is the ruling of the court" without hearing the testimony of any witnesses, was then attempting to reverse itself and conduct a hearing. If so, the court had an opportunity to do so after the interruption before its third pronouncement: "That's my ruling based upon the proposed facts as I appreciate them to be if this matter were presented to the Court."

Second, the cases upon which appellee relies requiring a party to proffer the excluded evidence in order to challenge the exclusion on appeal are inapposite. Those cases involve trials in which evidence was excluded. *See, e.g., Cadillac Cowboy, Inc. v. Jackson*, 347 Ark. 963, 69 S.W.3d 383 (2002); *Duque, supra*. In order to predicate error on a ruling that excludes evidence, Arkansas Rule of Evidence 103(b) states that "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked." There was no ruling excluding evidence in this case. The court never conducted a hearing in which evidence was being offered. The cases cited by appellee simply are not relevant to the issue before us.

We hold that the trial court erred in making findings and in denying appellant's petition without allowing the parties to present testimony and other evidence. Accordingly, we reverse and remand to the trial court for a hearing.

ROBBINS, GLOVER, HEFFLEY, and BAKER, JJ., agree.

PITTMAN, C.J., dissents.

JOHN MAUZY PITTMAN, Chief Judge, dissenting. The appellant filed a petition seeking a reduction in his child-support payments. Appellee counterclaimed for an increase in child support and for contempt. The trial court entered an order denying both parties' request for modification of child support, finding appellant in contempt, and ordering him to pay $985 in past-due child support. On appeal, appellant argues that the trial court erred in ruling on the basis of representations made in chambers, without taking any testimony or other evidence.

The following is the entire abstract of the proceedings:

> THE COURT: I visited with the attorneys in the back and received some indication of what the anticipated testimony might be. And from that I reached a decision. Mr. Harper, would you announce it?
>
> MR. HARPER: Mr. Dottley owes my client $800.00 in back child support. He owes $185.00 for school fees. The total is $985. This will be paid within ninety days of today's date.
>
> My client will be awarded attorney's fees of $500.00 for defendant's failure to follow previous orders of the Court. This will be paid within ninety days.
>
> Plaintiff's petition for increase is denied. Defendant's petition for decrease is denied. The tax deduction for the child will continue with my client.
>
> When defendant has the child at least fourteen days, he is entitled to a reduction of one-half of his child support. Child support will continue to be $400 per month.
>
> The parties in a property settlement agreement provided that they would each be responsible for one-half

of private school tuition and expenses. It shall continue to be enforced. Both will continue to be responsible for one-half of tuition and fees for the private school the child is attending.

THE COURT: That is the ruling of the Court.

MR. HADDOCK: Excuse me, Your Honor?

THE COURT: I said that's the ruling of the Court.

MR. HADDOCK: Just our objection, that the Court ruled without taking any evidence, any testimony, or looking at the evidence; that he ruled on all the representations of Ms. Dottley's attorney and to that we object. This is the first time I've ever had a ruling without any evidence. We object and we're going to appeal.

THE COURT: Well, you know, while you're here you can —

MR. HADDOCK: The Court's announced its ruling. If we're going to have a hearing I'm going to ask the Court to recuse, because the Court's already decided what he's going to do without the first witness taking the stand.

THE COURT: That's my ruling based upon the proposed facts as I appreciate them to be if this matter were presented to the Court.

The following statements were not abstracted but appear in the record immediately afterward:

MR. HADDOCK: That's good, Your Honor.

THE COURT: Very well. Thank you.

I agree that the trial judge erred in ruling before evidence was had. Nevertheless, I disagree with the conclusion that this error warrants reversal. When he made his objection, appellant's attorney requested no relief, but instead declared immediately that he intended to appeal. When the court attempted to respond to address his objection, appellant's attorney interrupted the trial judge in mid-sentence and refused the very relief he now seeks, a hearing on the merits.

An appellant must obtain a ruling on his objection to preserve it for appeal, *Arkansas Contractors Licensing Board v. Pegasus Renovation Co.*, 347 Ark. 320, 64 S.W.3d 241 (2001). The reason

for this rule is to ensure that the trial court has an opportunity to correct its own error before resort is had to appeal. Here, the appellant's attorney not only failed to obtain a clear ruling, but is himself directly responsible for preventing the trial judge from correcting his error by conducting a proper hearing. It is quite possible that the trial judge made a simple and honest mistake. Perhaps he believed that the parties had stipulated to the facts in chambers and that all that was required at this point was for him to issue a ruling. The majority does not consider this possibility, but instead apparently believes it more likely that an Arkansas trial judge might be so misguided as to intentionally issue a ruling without having heard either evidence or stipulation. I vehemently disagree. In my view, it would have been beneath the dignity of the court to continue to offer relief after he had been silenced by appellant's attorney and after relief had been refused. I would affirm because appellant's attorney prevented the court from ruling on the objection.

I respectfully dissent.