LARRY D. VAUGHT, Judge
Appellant Brian Newton appeals the September 21, 2017 order entered by the Saline County Circuit Court denying his motion to modify child support. On appeal, Brian first argues that the circuit court abused its discretion in excluding evidence of his 2015 income that he alleged was used by the circuit court in 2016 to calculate his base child-support obligation and that he claims is required to prove a change in circumstances to support his motion to modify child support. Brian also argues that the circuit court clearly erred in denying his motion to modify child support by ordering him to pay appellee Rebecca Newton additional child support in the amount of 21 percent of retained earnings that he claims were included in his 2015 income and had already been accounted for in his base child-support obligation awarded by the circuit court in 2016. We reverse and remand.
There were two hearings in this case relevant to this appeal. The first hearing was Brian and Rebecca's divorce hearing, which took place in February 2016. At this hearing, Gary Cox, a certified public accountant, testified that he had been preparing tax returns for Brian, Rebecca, and their companies for the past nine or ten years. Cox stated that one of Brian and Rebecca's companies was Newton Medical, Inc. (Newton Medical), an S corporation. According to Cox, Newton Medical's 2015 tax returns reflected retained earnings of $66,465 and that Brian and Rebecca throughout the course of the year had received distributions from those earnings to pay their household and personal living expenses.
At the conclusion of the divorce hearing, the circuit court orally granted the divorce, and Brian was ordered to purchase Rebecca's interest in Newton Medical. With respect to child support, the court stated that "[f]uture child support will be paid monthly and will continue to be based upon the amount, as has been done in the past, that as an average over 12 months of what has been taken out for personal use." Brian's counsel then reported to the circuit court that Brian had been paying monthly child support of $2,012.67. The court responded:
I will add in - - because Mr. Newton has so much control over his income - - and I don't really expect anything underhanded, but I have to be careful. If there is a ten percent change in that from year to year, there should necessarily, in order for a modification of support, be some type of justification for *496 that to be able to be provided. And to put that in a little bit more common English, if Mr. Newton were to reduce his take-home pay by more than ten percent, which would kick in the child support modification provision of the law, and yet his overall business income either went up or did not change by a very, very similar amount, the Court would probably not even come close to considering lowering child support.
Further, at the preparation of taxes each year, Mr. Newton will provide Ms. Newton with a copy of his full tax return. Both state and federal. During the time that both children are of minority age from this point on - - obviously not dealing with the money that's being divided equally - - but from this point on, he will pay child support in the amount of 21 percent after taxes of any retained earnings.
Thereafter, on April 6, 2016, the circuit court entered a divorce decree. Paragraph nine of the decree provides:
9. [Brian] shall pay [Rebecca] child support in the amount of $2,021.67 per month. In addition to the above amount, [Brian] shall pay twenty-one percent (21%) of any excess retained earnings, distributions, bonuses or other earnings not otherwise taken as salary.... In setting support, the Court has considered the income of [Brian's] business as well as [Brian's] earning potential. The Court considers this amount fair and equitable under the circumstances present although it may represent a deviation from the Arkansas Supreme Court Child Support Guidelines. A reduction will only be considered if [Brian's] income and retained earnings or other resources that may be considered as income decrease by more than ten percent (10%) and is otherwise justifiable under the circumstances. When considering an increase in support [Brian's] net income and retained earnings shall be considered.
Thereafter, Brian paid Rebecca monthly child support of $2,012.67. In mid-2017, Brian provided his 2016 tax returns to Rebecca. The returns reflected that Brian had a salary of $88,500 and retained earnings of $101,833. When Rebecca requested that Brian pay her 21 percent of the retained earnings as per paragraph nine of the decree, Brian filed a motion to modify child support. He alleged that his current child-support obligation of $2,021.67 should be increased to $2,312.77 because his 2016 net income (salary plus retained earnings) had increased. In response, Rebecca moved for contempt, arguing that the circuit court in the decree ordered Brian to pay additional child support of 21 percent of retained earnings not otherwise taken as salary, which totaled $21,384.93.
A hearing was held on Brian's motion in August 2017.[1] Brian sought to introduce the testimony of his accountant and two documents[2] to attempt to establish his income basis for the $2,012.67 child-support award set forth in the decree. When Brian moved to introduce this evidence, counsel for Rebecca objected. Her counsel argued that the decree had been entered in April 2016 and that any question as to the income basis for the child-support calculation in the decree should have been raised and resolved before the circuit court at that time or on appeal, but it was not. Therefore, Rebecca's counsel argued that deconstructing the child-support amount *497 stated in the 2016 decree was irrelevant and inadmissible.
In response, Brian's counsel contended:
[T]here's no basis number-wise set forth in the - - in Paragraph 9 of the Decree, we have to come up with where that number came from. Where did the $2,012.67 come from. By establishing what his income actually was in our evidence that was already presented to the Court, we believe we can deconstruct the number and show the Court that child support was based on not only his salary but also his earning - - S Corp earnings for the 2016 decree. It was based on his 2015 income.... [The decree] is supposed to have a basis number in it. And this one does not.
Brian further stated that he did not disagree with the $2,012.67 child-support amount set forth in the decree. Rather, he was attempting to demonstrate what 2015 income the court had used to arrive at that figure so he could establish that the monthly child support of $2,012.67 included his salary and retained earnings from Newton Medical and that his 2016 income had increased.[3]
The circuit court acknowledged that the decree was silent as to the income basis or methodology used in arriving at the court-ordered child-support amount of $2,012.67 but that there was no appeal of that finding and it was now the law of the case. Accordingly, the circuit court found that evidence concerning what income the circuit court used in 2016 to calculate the base amount of child support was irrelevant and excluded it.
Brian proffered the evidence and proceeded to introduce evidence of his 2016 income, arguing that his child-support obligation should be increased because his income (salary and retained earnings) had increased. He also contended that because the circuit court in 2016 had already applied retained earnings to his income in calculating the monthly base child support owed, it would be error to require him to pay 21 percent additional child support on the same retained earnings. Rebecca argued that she was seeking what the decree awarded her and that the circuit court in 2016 deviated from the child-support chart when it issued its decree. The circuit court took the matter under advisement.
On September 21, 2017, the circuit court entered an order denying Brian's motion to modify child support, finding that the $101,833 in retained earnings was "excess retained earnings, distributions, bonuses or other earnings not taken as salary" as stated in paragraph nine of the decree; therefore, he was required to pay Rebecca additional child support in the amount of $21,384.93 (21 percent of the retained earnings). The court also awarded Rebecca attorney's fees and costs and found Brian in contempt for failure to pay the additional child support. This appeal followed.
Brian first argues that the circuit court abused its discretion in excluding evidence of his 2015 income (testimony of his accountant and two documents) that he alleged was used by the circuit court in 2016 to calculate his base child-support obligation and that was required for him to prove a change in circumstances to support his motion to modify child support. Our standard of review for evidentiary rulings is well settled. The circuit court *498 makes the determination as to the admissibility of testimony. Woods v. Woods , 2013 Ark. App. 448, at 3, 2013 WL 4558126. The circuit court must determine the relevancy, competency, and probative value of the testimony. Id. The admissibility of testimony is within the circuit court's discretion, and the circuit court will not be reversed absent an abuse of that discretion. Id. We hold that the circuit court abused its discretion in excluding evidence of Brian's 2015 income for three reasons.
First, the law-of-the-case doctrine does not apply. "[T]he venerable doctrine of law of the case prohibits a court from reconsidering issues of law and fact that have already been decided on appeal." Rogers v. Rogers , 90 Ark. App. 321, 328, 205 S.W.3d 856, 862 (2005) (citing Cadillac Cowboy, Inc. v. Jackson , 347 Ark. 963, 970, 69 S.W.3d 383, 388 (2002) ). The doctrine serves to effectuate efficiency and finality in the judicial process. Id. , 205 S.W.3d at 862. It provides that a decision of an appellate court establishes the law of the case for the circuit court on remand and for the appellate court itself on subsequent review. Id. at 328-29, 205 S.W.3d at 862. Because there has been no prior appeal in this case, law of the case does not apply.
Second, despite not appealing the 2016 decree, Brian is entitled to seek modification of child support because a circuit court always retains jurisdiction over child support as a matter of public policy, and no matter what an independent contract states, either party has the right to request modification of a child-support award. Martin v. Scharbor , 95 Ark. App. 52, 57, 233 S.W.3d 689, 693-94 (2006) (citing McKinney v. McKinney , 94 Ark. App. 100, 105, 226 S.W.3d 37, 41 (2006) ). The case at bar was initiated by Brian's motion to modify child support.
Third, the evidence Brian sought to introduce was relevant. Our supreme court has stated that it is axiomatic that a change in circumstances must be shown before a court can modify an order for child support. Martin , 95 Ark. App. at 54, 233 S.W.3d at 692. The party seeking modification has the burden of showing a change in circumstances. Id. , 233 S.W.3d at 692. In determining whether there has been a change in circumstances warranting adjustment in support, the circuit court should consider remarriage of the parties, a minor's reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child-support chart. Id. at 54-55, 233 S.W.3d at 692. Further, Arkansas Code Annotated section 9-14-107 (a)(1) (Repl. 2015) provides that a change in gross income of the payor in an amount equal to or more than twenty percent or more than one hundred dollars per month shall constitute a material change of circumstances sufficient to petition the court for modification of child support according to the family-support chart after appropriate deductions.
The only way for Brian to meet his burden of proving that he is entitled to a modification of child support is to introduce evidence of a change of circumstances. In this case, that means he was required to prove that there had been a change in the income and the financial conditions of the parties. Brian must present more than the current income conditions of the parties. He must also show what 2015 income the circuit court used in 2016 to calculate child support.
This information is missing in this case. The decree does not state Brian's income or explain how the circuit court arrived at the child-support figure of $2,012.67. Brian *499 and Rebecca both testified at the 2017 hearing that they were unsure how the circuit court arrived at the $2,012.67 child-support figure. This is the gap Brian's proffered evidence attempted to fill. This evidence was relevant and admissible, and we hold that the circuit court abused its discretion in excluding it.
An evidentiary error must be prejudicial to justify reversal. Tanner v. Tanner , 2015 Ark. App. 668, at 7, 476 S.W.3d 832, 836. Therefore, we must next determine whether the evidentiary error was prejudicial. We hold that the circuit court's error was prejudicial to Brian because without this relevant evidence, the circuit court could not properly consider his motion to modify child support.
Administrative Order No. 10 provides that
[a]ll orders granting or modifying child support (including agreed orders) shall contain the court's determination of the payor's income, recite the amount of support required under the guidelines, and recite whether the court deviated from the Family Support Chart. If the order varies from the guidelines, it shall include a justification of why the order varies as may be permitted under Section V hereinafter. It shall be sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to the Family Support Chart is correct, if the court enters in the case a specific written finding within the Order that the amount so calculated, after consideration of all relevant factors, including the best interests of the child, is unjust or inappropriate.
Ark. Sup. Ct. Admin. Order No. 10(I) (2017); see also Ark. Code Ann. § 9-12-312(a)(3)(A)-(C). It is the ultimate task of the circuit court to determine the expendable income of a child-support payor. Martin , 95 Ark. App. at 55, 233 S.W.3d at 692.
The circuit court in the case at bar was tasked with the responsibility of determining Brian's expendable income in 2015 and 2016 in order to determine whether there had been a change in circumstances sufficient to warrant a modification of child support. The order from which Brian appeals fails to comply with Administrative Order No. 10 and section 9-12-312(a)(3) in that it does not contain the court's determination of Brian's 2015 income; it does not recite the amount of support required under the guidelines; it does not recite whether the court deviated from the Family Support Chart; and if it does vary from the guidelines, it does not include a justification of why the order varies. In failing to admit the relevant evidence on this issue, the circuit court failed to make these determinations, which resulted in prejudice to Brian.[4]
Accordingly, we reverse and remand the circuit court's order denying Brian's motion to modify child support. On remand, we instruct the circuit court to consider Brian's motion using the guidelines set forth in Administrative Order No. 10 and section 9-12-312(a)(3)(A)-(C).[5]
Reversed and remanded.
Virden and Gladwin, JJ., agree.

This hearing was held before a different circuit court judge.

The two documents are his 2015 income summary and his 2015 W-2 from Newton Medical.

According to Brian, his accountant's testimony, coupled with his 2015 income documents, illustrates that his salary plus retained earnings (less appropriate deductions) equals a net income that, when applied to the child-support chart, results in a child-support amount of $2,164.93, which is very close to the $2,012.67 base child-support figure stated in the decree.

Instead of considering Brian's motion to modify child support in light of Administrative Order No. 10 and section 9-12-312(a)(3), the circuit court incorrectly framed the issue before it as the interpretation and application of paragraph nine of the divorce decree, and all of the findings in the circuit court's order address this issue.

Based on our holding on Brian's first point on appeal, we need not address his second point on appeal-that the circuit court clearly erred in finding that the decree required him to pay Rebecca additional child support in the amount of 21 percent of retained earnings.