Cite as 2023 Ark. App. 148

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-22-201

| | |
|---|---|
| ANNA KNESEK<br><br>APPELLANT<br><br>V.<br><br>LARRY KNESEK<br><br>APPELLEE | Opinion Delivered March 15, 2023<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17DR-19-94]<br><br>HONORABLE MARC MCCUNE, JUDGE<br><br>REVERSED |

## RAYMOND R. ABRAMSON, Judge

Anna Knesek appeals from the Crawford County Circuit Court's December 8, 2021 order partially restating the parties' divorce decree. On appeal, Anna argues the circuit court erred in modifying custody of the minor children. We agree and reverse.[1]

Anna and Larry Knesek were married on June 14, 2010, and their divorce decree was entered by the Crawford County Circuit Court on October 6, 2020. In it, the court awarded the parties joint physical and legal custody of the minor children. Paragraph 5 of the decree provided:

> That the Defendant will be awarded visitation in accordance with the Standard Order of Visitation, a copy of which is attached hereto and incorporated herein, unless she moves to the Van Buren, Arkansas area. If the Defendant moves to the Van Buren area, the Parties shall exercise visitation on alternating weeks. The exchanges shall be on every Friday when the parent picks up the children from school. If school is not

---

[1]*Knesek v. Knesek*, 2023 Ark. App. 151, is also handed down today.

in session, the Parties shall make exchanges every Friday at 3 pm. Holidays and special days will still be determined pursuant to this Court's Standard Order Regarding Child Visitation and Related Matters. Each party may have up to twenty (20) consecutive days per summer vacation upon reasonable notice to the other party. Both parties will be required to consent to travel out of the country. There shall be no other specific summer visitation if the Defendant moves to the area since the parties will be sharing time.

On November 11, 2021, Larry moved to modify the decree in order to take the minor children out of the country and for authority to apply for passports for them. A hearing was held on December 7. Anna appeared pro se. No witnesses were sworn in. The court asked questions of the parties. Counsel for Larry neither asked questions nor introduced any evidence. The majority of the hearing revolved around Larry's wanting to take the children to Egypt and Anna's concern with his request. At one point, the court specifically stated: "We are not here for joint custody. We are here for whether or not he can get passports for the kids and take them on vacation, which I am going to grant." On December 8, 2021, the circuit court entered an order, partially modifying the decree. In that order, Anna was directed to provide her consent for the passports, and the modification regarding withholding of reasonable consent for travel was added. Additionally, the following provisions were included in paragraphs 9 and 10 of the order:

9.  The Decree of Divorce entered October 6, 2020 granted joint custody to the parties in paragraph four (4) and then vaguely conditioned the custody of the minor children on the Defendant moving to the Van Buren, Arkansas area. The Court takes notice that Defendant has, over the course of more than a year, never exercised her rights and chose to remain living in Northwest Arkansas and exercising visitation only under the Standard Order of Visitation, despite the financial incentive and custodial incentive provided for in the Decree. Plaintiff is vested with legal and physical custody of the minor children L.R.K. and A.V.K. Visitation is not modified and will continue in

2

accordance with the Standard Order of Visitation. There is no modification with regard to child support.

10. In accordance with the above findings, the Decree of Divorce is modified such that its fourth and fifth paragraphs are restated to read as follows:

"4. That there were two children born of the marriage, namely L.R.K. and A.V.K. The children will remain in the Van Buren School District. Defendant did not move to the Van Buren, Arkansas area, physical and legal custody of the minor children is vested in Plaintiff.

5. That the Defendant is awarded visitation in accordance with the noncustodial parent's role in the Standard Order of Visitation, a copy of which is attached hereto and incorporated herein. The exchanges shall be on every Friday when the parent picks up the children from school. If school is not in session, the Parties shall make exchanges every Friday at 3:00 p.m. Holidays and special days will still be determined pursuant to this Court's Standard Order Regarding Child Visitation and Related Matters. Each party may have up to twenty (20) consecutive days per summer for vacation upon reasonable notice to the other party. If, at any time of year, Defendant wishes to take the minor children outside of the United States, then she will need to obtain the permission of the Court. Plaintiff is granted the right to international travel with the minor children for uninterrupted periods of fourteen (14) days without the consent of the Defendant being necessary. The Plaintiff is ordered to return with both children to the jurisdiction of the Court."

This timely appeal is now properly before us. Anna maintains the circuit court erred in modifying custody of the minor children sua sponte because it violated her due-process rights. She further argues that the circuit court erred because it did not find a material change in circumstance or evaluate the best interest of the children.

This court reviews domestic-relations cases de novo, but we will not reverse the circuit court's findings unless they are clearly erroneous. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a

3

mistake has been committed. *Id.* Due deference is given to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id.*

Whether a circuit court's findings are clearly erroneous turns in large part on the credibility of the witnesses, and special deference is given to the circuit court's superior position to evaluate the witnesses, their testimony, and the child's best interest. *Cunningham v. Cunningham*, 2019 Ark. App. 416, 588 S.W.3d 38. The primary consideration in child-custody cases is the welfare and best interest of the child, with all other considerations being secondary. *Id.*

The party seeking modification of the custody order has the burden of showing a material change in circumstances. *Jeffers v. Wibbing*, 2021 Ark. App. 239, at 7. Courts impose more stringent standards for modifications in custody than they do for initial determinations of custody to promote stability and continuity in the life of the child and to discourage repeated litigation of the same issues. *Id.* In order to change custody, the circuit court must first determine that a material change of circumstances has occurred since the last order of custody, and if that threshold requirement is met, it must then determine who should have custody with the sole consideration being the best interest of the child. *Acklin v. Acklin*, 2017 Ark. App. 322, at 2, 521 S.W.3d 538, 539.

Modification of custody is a two-step process: first, the circuit court must determine whether a material change in circumstances has occurred since the last custody order; second, if the court finds that there has been a material change in circumstances, the court must

4

determine whether a change of custody is in the child's best interest. *Shell v. Twitty*, 2020 Ark. App. 459, at 4, 608 S.W.3d 926, 929–30. The best interest of the children is the polestar in every child-custody case; all other considerations are secondary. *Skinner v. Shaw*, 2020 Ark. App. 407, at 11–12, 609 S.W.3d 454, 461. Moreover, the crux of these cases is that a child-custody determination is fact specific, and here there was no testimony or finding of any material change in circumstance or best-interest analysis.

We have held that in order for the circuit court to make the factual determination of whether there have been sufficient changed circumstances to warrant a modification of child support, the circuit court must consider evidence. *Dottley v. Miller*, 101 Ark. App. 323, 276 S.W.3d 729 (2008).

In *Dottley*, our court noted that,

Evidence is "any species of proof legally presented at trial through the medium of witnesses, records, documents, exhibits, and concrete objects for the purpose of inducing belief in the minds of the court or jury. The word 'evidence' thus includes all the means by which any fact in dispute at a judicial trial is established or disproved." 29 Am. Jur.2d Evidence § 1 (1994). Then, in order for this court to review the trial court's determination, we must review the entire evidence. In this case, there was no evidence to review: no testimony, no financial records, nothing. Appellant has effectively been denied any review of the circuit court's ruling because the court did not allow any evidence to be presented.

*Id.* at 327, 276 S.W.3d at 732.

Such is the case here. The same analysis is required for modification of child custody. No evidence of change of circumstances was sought or offered; thus, no change can be found. The court also made no determination whether the change of custody was in the best interest

5

of the children. We hold that there is insufficient evidence to support a custody modification in the case before us; accordingly, we reverse.

Reversed.

GLADWIN and THYER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Wahlmeier Law Firm, P.A.*, by: *Gentry C. Wahlmeier*, for appellee.