Cite as 2020 Ark. App. 459

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-19-843

| | |
|---|---|
| JASON SHELL<br><br>APPELLANT<br><br><br>V.<br><br><br><br>KRISTI (SHELL) TWITTY<br><br>APPELLEE | **Opinion Delivered:** October 7, 2020<br><br>APPEAL FROM THE IZARD COUNTY CIRCUIT COURT [NO. 33DR-17-75]<br><br><br>HONORABLE DON MCSPADDEN, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Jason Shell appeals from an Izard County Circuit Court decree allowing Shell's ex-wife, Kristi Twitty, to relocate with the parties' minor child, W.S. On appeal, Shell argues that the circuit court erred in not applying the *Singletary* factors[1] and in finding that there had been a change in circumstances that warranted a modification of the parties' custody and visitation agreement. For the following reasons, we affirm.

The parties were married on June 10, 2015, and one son, W.S., was born of the marriage. They were divorced on August 4, 2017. The divorce decree incorporated a settlement agreement and an agreed parenting plan entered into by the parties. The agreed parenting plan provided that Twitty and Shell would "share legal custody" of W.S., but that Twitty would have "primary physical custody." The agreed parenting plan also provided

---

[1]*See Singletary v. Singletary*, 2013 Ark. 506, 431 S.W.3d 234.

that Shell would have visitation with W.S. every afternoon after school until 7:30 p.m. and every other weekend. The circuit court found that the schedule set out in the agreed parenting plan resulted in Twitty having W.S. 75 percent of the time and Shell having the child 25 percent of the time.

On February 2, 2018, Twitty filed a petition for modification of the parenting plan wherein she sought the court's permission to relocate in order to accept a higher paying position as a nurse. Shell filed an answer to Twitty's petition and a counterclaim to seek full custody of W.S. On June 6, 2019, a hearing was held, and at the conclusion, the circuit court ruled from the bench, finding that Twitty was the custodial parent, and she had the right to relocate. The circuit court also found that there had been a material change in circumstances and that it was in the best interest of W.S. to remain in the custody of Twitty, subject to visitation with Shell, which was modified to accommodate Twitty's relocation to Greene County.

On July 15, 2019, the circuit court entered its decree consistent with its ruling from the bench. This timely appeal followed.

In determining whether a parent may relocate with a minor child, a circuit court must generally look to the principles set forth in *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003). In that case, our supreme court announced a presumption in favor of relocation for custodial parents with sole or primary custody, with the noncustodial parent having the burden to rebut this presumption. *Id*. at 485, 109 S.W.3d at 663. The *Hollandsworth* presumption should be applied only when the parent seeking to relocate is not only labeled the "primary" custodian in the divorce decree but also spends significantly

more time with the child than the other parent. *Id*.; *Tidwell v. Rosenbaum*, 2018 Ark. App. 167, 545 S.W.3d 228.

The factors for a circuit court to consider when determining whether to grant a petition to relocate include (1) the reason for relocating; (2) the educational, health, and leisure opportunities available in the new location; (3) the effect of the move on the visitation and communication schedule of the noncustodial parent; (4) the effect of the move on extended family relationships in Arkansas and the new location; and (5) the child's preferences, considering the age and maturity level of the child and the reasons given for the preference. *Id*. Even when these factors are considered, the polestar remains whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interest. *Id*.

A presumption exists in favor of relocation for custodial parents with primary custody, with the burden being on the noncustodial parent to rebut the presumption; therefore, a custodial parent is not required to prove a real advantage to herself and to the children in relocating. *Hollandsworth*, 353 Ark. 470, 109 S.W.3d 653. This presumption is not applicable when the parents share joint custody of a child. *Singletary*, 2013 Ark. 506, 431 S.W.3d 234; *see also Cooper v. Kalkwarf*, 2017 Ark. 331, 532 S.W.3d 58 (presumption favoring relocation not applicable when the parents shared nearly equal time with the children).

Here, the circuit court clearly found that Twitty was the primary custodial parent— its finding was based not only on the agreed parenting plan but also upon a factual finding that W.S. was in his mother's custody approximately 75 percent of the time. As such, the

circuit court properly applied the presumption in favor of Twitty's relocation on the basis of *Hollandsworth, supra.* Accordingly, we hold that Shell's first appellate argument that *Singletary* should have been applied rather than *Hollandsworth* has no merit.

In granting Twitty's relocation request, the circuit court also found that there had been a material change in circumstances and that relocation was in W.S.'s best interest. In order to modify a custody decree, the circuit court must apply a two-step process: first, the court must determine whether a material change in circumstances has occurred since the divorce decree was entered; second, if the court finds that there has been a material change in circumstances, the court must determine whether a change of custody is in the child's best interest. *See, e.g., Grindstaff v. Strickland*, 2017 Ark. App. 634, 535 S.W.3d 661.

In the instant case, the circuit court specifically found that there had been material changes in circumstances since the decree of divorce was entered, including the failure of Shell to communicate with Twitty, which constitutes a failure to coparent, and Shell's attempts to control Twitty, which included an incident in the presence of W.S. The court further observed that Shell refuses to talk to Twitty about W.S. at times.

Due deference is given to the superior position of the circuit court to view and judge the credibility of the witnesses, and in cases involving child custody, the deference to the circuit court is even greater because a heavier burden is placed on the circuit court to utilize to the fullest extent its powers of perception in evaluating the witnesses, their testimony, and the best interest of the child. *Alphin v. Alphin*, 364 Ark. 332, 336, 219 S.W.3d 160, 162 (2005). The Arkansas Supreme Court has stated time and time again, "[W]e know of no cases in which the superior position, ability, and opportunity of the trial court to observe

4

the parties carry as great a weight as those involving children." *Carver v. May*, 81 Ark. App. 292, 296, 101 S.W.3d 256, 259 (2003).

Here, the circuit court made several specific factual findings to support its decision that W.S.'s best interest would be served by allowing him to relocate with his mother. In its order, the court noted that both parents are good people who love W.S. but that it has been difficult, at times, for them to get along. The circuit court took note of the better employment opportunities for Twitty in Greene County and that W.S. has a sibling who lives with Twitty.

Our court will not substitute its judgment for that of the circuit court. *See Evans v. McKinney*, 2014 Ark. App. 440, at 6, 440 S.W.3d 357, 360. Further, after giving due deference to the circuit court's observations and credibility determinations, we conclude that there was no clear error in the court's decision to allow W.S. to relocate with Twitty.

Affirmed.

SWITZER and BROWN, JJ., agree.

*Ethredge & Copeland, P.A.*, by: *Johnnie A. Copeland*, for appellant.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *A.F. "Tom" Thompson III* and *Kenneth P. "Casey" Castleberry*, for appellee.

5