Cite as 2026 Ark. App. 195

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-25-342

|  |  |
|---|---|
| KAYLA MARIE HARDAGE<br>APPELLANT | Opinion Delivered March 18, 2026 |
|  | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-23-377] |
| V. |  |
| WILLIAM ANDREW HARDAGE<br>APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
|  | REVERSED AND REMANDED |

**WENDY SCHOLTENS WOOD, Judge**

Kayla Hardage appeals the Garland County Circuit Court's order denying her motion to modify custody. Kayla contends first that the circuit court erroneously imposed a presumption of joint custody in a modification case and, second, that the court erred in denying her motion to change custody. Because the circuit court did not apply the appropriate legal standard in this modification-of-custody case, we reverse and remand.

Kayla and William Hardage were divorced by decree entered November 3, 2023, and were awarded joint custody of their children, MC1 (07/21/17) and MC2 (12/11/19), pursuant to an incorporated child-custody and property-settlement agreement. In May 2024, William filed an ex parte emergency motion alleging that a material change in circumstances warranted a modification of custody. He alleged that since the divorce, Kayla had exposed the children to unsanitary conditions, allowed an unknown "paramour" (who acted

aggressively toward William at a custody exchange) to live in the home with the children, refused to communicate with William regarding the children, and physically and sexually abused the children. He also alleged that the children had been tardy to school, had begun having night terrors and fears, and had expressed extreme fear of Kayla and her paramour. The allegations triggered investigations by the Arkansas State Police Crimes Against Children Division and the Arkansas Department of Children and Family Services (ADCFS), and an attorney ad litem (AAL) was appointed.

On July 1, the AAL moved for emergency ex parte relief to suspend Kayla's visitation and to modify her custody during the investigation into the abuse allegations. The AAL's motion stated that she had met with the children and was made aware of "continued sexual abuse" by Kayla and that "the children have expressed, in great detail, the abuse they have endured while at their mother's residence." On the advice of counsel, Kayla ceased communication and visitation with the children for ten weeks pending the investigations. The investigations concluded that the allegations of sexual and physical abuse were unsubstantiated, and joint custody resumed on August 29.

On October 23, Kayla filed a petition for change of custody and requested primary custody subject to William's reasonable standard visitation. She alleged that William's actions in planting sexual- and physical-abuse allegations in the children's minds and coaching them to lie about Kayla were detrimental to the children. She also alleged that William had continued to harass her by placing hidden cameras in her house (that they had formerly shared). Kayla said William failed to coparent with her by not allowing the children

to call her "mom," instructing them to call her "witch," requiring them to call his new wife "mom" when at his home, and failing to inform Kayla that he had obtained glasses from an optometrist for one of the children, which he told the child to keep at school. She alleged that these actions constituted a material change in circumstances and that it was in the children's best interest that custody be modified. William denied the allegations, claimed he did not coach the children, and said that the cameras were inoperative.

On February 27, 2025, the AAL filed a second motion for emergency ex parte relief raising concerns about the children. She alleged that there had been a material change in circumstances warranting modification of custody and that modification was in the children's best interest. She alleged that she had met with the children on numerous occasions in person and over the phone and that the children told her the prior abuse did not happen, the abuse allegations were falsified by William, and that William instructed them to lie to the court, the AAL, and ADCFS about their mother's behavior. The AAL alleged that William recently told the children to fight and leave bruises on each other while in their mother's care so that William could demonstrate to the court harm done to them by Kayla. The children appeared worried and quiet when discussing their father and expressed concern about what would happen if William found out about their conversations with the AAL. The AAL expressed concern about the mental manipulation the children experienced in William's care and opined that continued visitation with William was not in their best interest and would ultimately be a cause of irreparable harm. She asked the court to terminate his custody and transfer custody to Kayla until a hearing on the matter was held.

On April 8, the circuit court held a hearing to address all three motions: Williams's motion to modify custody, Kayla's motion to change custody, and the AAL's second motion for emergency ex parte relief. At the conclusion of the hearing, the circuit court stated from the bench:

> I don't have anything like that, you know, material change in circumstances to change from clear and convincing evidence that these two parents cannot do joint parenting. That's not my rule. That is the Arkansas General Assembly has made that rule, and I have to follow that rule. And it's not my choice. It's their choice. And I have not heard that there was clear and convincing evidence that I need to change joint parenting amongst these parties.

Thereafter, the court entered an order on April 10 denying all three motions to modify custody. The court found that "[n]o party overcame the presumption set forth by Arkansas law by clear and convincing evidence" and that the terms of the parties' child-custody and property-settlement agreement (joint custody) "shall remain in full force and effect." The court's order did not include findings that there was no material change of circumstances or that modification of custody was not in the children's best interest. Kayla's appeal followed.

This court performs a de novo review of child-custody matters, but we will not reverse a circuit court's findings unless they are clearly erroneous. *Pace v. Pace*, 2020 Ark. 108, at 9, 595 S.W.3d 347, 352. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been made. *Smith v. Parker*, 67 Ark. App. 221, 224, 998 S.W.2d 1, 3 (1999). We recognize and give special deference to the superior position of a circuit court to evaluate the witnesses,

their testimony, and the child's best interest. *Cunningham v. Cunningham*, 2019 Ark. App. 416, at 4, 588 S.W.3d 38, 40.

For her first point on appeal, Kayla contends that the circuit court erroneously applied the rebuttable presumption of joint custody in this modification-of-custody case. She argues that that joint-custody presumption applies only in an original custody determination and not in a modification-of-custody case. She contends that the court "should have utilized the change-in-circumstances and best interest of the children to determine if custody should be modified."

In an action concerning an original child-custody determination in a divorce matter, there is a rebuttable presumption that joint custody is in the best interest of the child. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)*(a)* (Supp. 2025). The presumption that joint custody is in the best interest of the child may be rebutted if the court finds by clear and convincing evidence that joint custody is not in the best interest of the child. Ark. Code Ann. § 9-13-101(a)(1)(A)(iv)*(b)(1)*. Interpreting the plain language of section 9-13-101(a)(1)(A)(iv), this court has held that this presumption is limited to original custody determinations and does not change the burden of proof for a modification of custody or visitation. *Stormes v. Gleghorn*, 2022 Ark. App. 416, at 11, 653 S.W.3d 820, 827; *Baggett v. Benight*, 2022 Ark. App. 153, at 10, 643 S.W.3d 836, 841.

The standard for modification of custody is more stringent than it is for the initial custody determination. *Reynolds v. Reynolds*, 2024 Ark. App. 229, at 6, 687 S.W.3d 584, 589. The reason for this more stringent standard for modifying custody is to promote stability

and continuity in the life of the child and to discourage repeated litigation of the same issues. *Id.* at 7, 687 S.W.3d at 589.

Modification of custody is a two-step process: first, the circuit court must determine whether a material change in circumstances has occurred since the last custody order; and second, if the court finds that there has been a material change in circumstances, the court must determine whether a change of custody is in the child's best interest. *Shell v. Twitty*, 2020 Ark. App. 459, at 4, 608 S.W.3d 926, 929–30. We look at whether there has been a material change in circumstances since issuance of the last order of custody—here, the divorce decree. Failure of communication, increasing parental alienation by a custodial parent, and inability to cooperate can all constitute a material change in circumstances sufficient to warrant modification of custody. *Cline v. Simpson*, 2024 Ark. App. 611, at 11, 703 S.W.3d 497, 504. Further, we have held that the combined, cumulative effect of particular facts may together constitute a material change. *Shannon v. McJunkins*, 2010 Ark. App. 440, at 10, 376 S.W.3d 489, 494; *see also McCoy v. Kincade*, 2015 Ark. 389, at 5, 473 S.W.3d 8, 11.

We agree with Kayla. This case is not an original child-custody-determination case but a modification-of-custody case. Therefore, the circuit court erred as a matter of law in applying the rebuttable joint-custody presumption and in finding that "no party overcame the presumption . . . by clear and convincing evidence."

William argues on appeal that the circuit court did not impose a joint-custody presumption; rather, he contends that the court heard the testimony and found there had

6

not been a material change in circumstances warranting modification and therefore denied all three motions to modify joint custody. We disagree.

The circuit court's order denying the three motions for modification failed to make either of the required findings: material change of circumstances or best interest. We acknowledge that this failure alone is not determinative. This court has presumed that a circuit court made findings necessary to support its judgment when its order failed to set forth findings of fact regarding best interest, *Cline*, 2024 Ark. App. 611, at 12, 703 S.W.3d at 505, and we have, under our de novo review, concluded that there was sufficient evidence from which a circuit court could have found a material change in circumstances where it failed to make specific findings about a change in circumstances. *Hoover v. Hoover*, 2016 Ark. App. 322, at 8, 498 S.W.3d 297, 301; *McNutt v. Yates*, 2013 Ark. 427, at 8, 430 S.W.3d 91, 97. However, these exceptions occurred when the record demonstrated that the court had applied the proper legal standard, made the requisite considerations, and simply failed to put its findings in writing. *See Hughes v. Bright*, 2025 Ark. App. 180, at 20, 709 S.W.3d 883, 895–96 (presuming the circuit court made the findings necessary to support its judgment when the court's remarks setting out its reasons for modification at the conclusion of the trial were clear that the best interest of the children was considered).

Here, the circuit court's order denying the motions to change custody is silent on material-change-of-circumstances and best-interest findings. And we cannot presume that the court made the necessary findings to support its order denying the motions because the record demonstrates that the court applied the incorrect standard of law, and there is no

7

indication that the court made the requisite considerations. Accordingly, we reverse and remand the circuit court's order.[1]

Reversed and remanded.

HARRISON and TUCKER, JJ., agree.

*Schnipper, Britton & Stobaugh*, by: *Nicholas J. French*, for appellant.

*The Ray Firm*, by: *Jacob W. Ray*, for appellee.

---

[1]In light of this holding on Kayla's first point on appeal, we need not reach her second point that the circuit court erred in finding there was no material change of circumstances sufficient to warrant a change in custody.